DOWNEY, Judge.
The primary contention in this appeal is that the trial judge improperly scored certain factors in arriving at appellant’s sentence.
Appellant pleaded nolo contendere to three counts: resisting arrest with violence, battery on a law enforcement officer, and criminal mischief. At the sentencing hearing, the trial court scored 12 points for slight victim injury, which aggravated appellant’s sentence one cell in the recommended guidelines range. Appellant contends that this was error because the record does not support the trial court’s finding of victim injury.
The factual circumstances presented to the trial court showed that a police officer, who was dispatched to a scene where fighting was going on, observed appellant striking a woman in the face. While several officers were trying to subdue appellant, he struggled, kicking and hitting them. After being placed in the police cruiser, appellant kicked out one of the car win *474 dows. An additional struggle occurred when he was being transferred from the patrol car to jail. At sentencing, the state attorney advised the court that, although several of the officers had been hit, they did not inform him they were injured in any fashion. Defense counsel also advised the court that, in taking the deposition of the arresting officers, he asked if there were any injuries and each officer stated there was no injury. Furthermore, the police report in the record contains no indication of any injury to the officers.
Regardless, the trial judge rejected the suggestion of no injury, stating: “if you get slugged or kicked, you’ve been injured slightly....” He further added:
I think when an officer says he wasn’t injured I — they are pretty rough tough people and I think when they feel they are injured is when they end up having to get treatment. But I would — it will give you something here to take an appeal on, but in my opinion there was slight injury and so I’m going to rule that the scoresheet properly scored....
Upon reviewing the record of appellant’s performance in resisting the arrest, one is sorely tempted to affirm the sentence without comment. However, since uniformity is a primary objective of the sentencing guidelines, we feel obliged to honor what we perceive was intended by the guidelines as explicated by the Committee Notes. Nor is this simply an exercise in futility. The added points place appellant in another sentencing cell, which changes the sentencing range from “any nonstate prison sanction” to “Community Control or twelve to thirty months incarceration.” Appellant received a sentence of eighteen months on two of the counts and one year on the remaining count, all of which were to run concurrently.
For guidance in interpreting the guidelines we look first to Florida Rule of Criminal Procedure 3.701(d)(7), which provides “victim injury shall be scored if it is an element of any offense at conviction.” The accompanying Committee Note provides:
This provision implements the intention of the commission that points for victim injury be added only when the defendant is convicted of an offense (scored as either primary or additional offense) which includes physical impact or contact. Victim injury is to be scored for each victim for whom the defendant is convicted of injuring and is limited to physical trauma. (Emphasis added.)
Black’s Law Dictionary defines trauma as:
In medical jurisprudence. A wound; any injury to the body caused by external violence.
It seems to us the burden is upon the state to furnish a record that will enable the trial judge to arrive at a proper sentence. While it is the trial judge’s obligation to approve the score sheets, the state should assure a record that will support the various scores for each relevant factor. Although the detailed facts of the case in Gibson v. State, 455 So.2d 1349 (Fla. 4th DCA 1984), are not set forth, our conclusion here appears to be consistent with that decision. Furthermore, the record presented here tends to show no injury, rather than a slight injury, to the victims. Therefore, appellant is entitled to have the scoring under the sentencing guidelines recomputed.
Appellant also challenges the assessment of costs against him, where he had been adjudicated insolvent and where the record does not indicate that he had been given prior notice of or full opportunity to object to the assessment of these costs. This was held to be improper in Jenkins v. State, 444 So.2d 947 (Fla.1984), and Stanley v. State, 459 So.2d 494 (Fla. 4th DCA 1984).
Accordingly, the judgment as to costs is reversed and the sentencing order is reversed and remanded for recomputation of appellant’s score under the sentencing guidelines.
REVERSED AND REMANDED with directions.
HURLEY and DELL, JJ., concur.