653 So.2d 1068 (1995)
Dolphis A. HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 93-04379.
District Court of Appeal of Florida, Second District.
April 12, 1995.
James Marion Moorman, Public Defender, and Kevin Briggs, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Acting Chief Judge.
The appellant's counsel has filed a brief in this appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In accordance with Anders, we have *1069 reviewed the record and affirm the appellant's conviction and sentence for trafficking in cocaine.
We find, however, that certain written conditions of the appellant's probation were not orally pronounced and therefore he was deprived of an opportunity to object to any condition which he may have believed inappropriate. Olvey v. State, 609 So.2d 640 (Fla. 2d DCA 1992).
Condition three prohibits the appellant from possessing, owning or carrying weapons, firearms or destructive devices. The appellant, a convicted felon, is already legally prohibited from possessing, owning or carrying firearms, therefore, that portion is a valid general condition and did not need to be orally pronounced. Fitts v. State, 649 So.2d 300 (Fla. 2d DCA 1995). We strike the remaining portion of condition three relating to weapons or destructive devices because it was not pronounced at sentencing.
The portion of condition five that prohibits the use of intoxicants to excess is a special condition and should have been orally pronounced. Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994). Therefore, we strike that portion of condition five.
Condition eighteen prohibits consumption and possession, associating with people who use alcohol or illegal drugs and frequenting places where alcohol is the main source of business or where illegal drugs are used. The trial court orally prohibited the appellant from possessing or using any controlled substances, however there was no pronouncement of the portions of condition eighteen relating to alcohol. Those portions are special conditions which must be orally pronounced. Farrington v. State, 20 Fla. L. Weekly D564, ___ So.2d ___ (Fla.2d DCA Mar. 3, 1995). Since they were not pronounced, we strike them.
Condition twenty requires evaluation and treatment at the appellant's expense for a drug or alcohol problem. This is a special condition which was not orally pronounced, and is stricken. Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). At sentencing, the trial court stated only that the appellant was subject to random urinalysis, which is a valid condition.
Accordingly, we affirm appellant's judgment and sentence. We remand to the trial court to modify the written order of probation in accordance with this opinion.
Affirmed; remanded.
PARKER and WHATLEY, JJ., concur.