DANAHY, Acting Chief Judge.
The appellant challenges his habitual felony offender sentence, raising two issues. We reverse as to the first issue and affirm as to the second.
As his first issue on appeal, the appellant argues the impropriety of a condition of his probation which states “you will work faithfully at suitable employment. You will report to your employer your supervision status.” This court has disapproved an employment condition of probation worded in this fashion. The state concedes the error.
Accordingly, as to the first issue, we reverse and remand to the trial court with instructions to amend the employment provision of the order of probation to add the words “to the best of your ability,” in accordance with our holding in Gregory v. State, 616 So.2d 174 (Fla. 2d DCA 1993).
The state argues that the appellant is procedurally barred from raising his second issue because he has made successive motions on the same issue without alleging new or different grounds. The record fully supports the state’s opinion. The appellant first raised this issue in November of 1992. The trial court held a hearing at which it found that the appellant’s plea was, in fact, voluntary. The appellant appealed and this court affirmed.
The appellant filed another motion on April 19, 1993, containing the same issue as well as others. When the trial court denied this particular issue in the second motion, the appellant did not appeal. The trial court held another full sentencing hearing and denied the appellant’s motion for withdrawal of plea.
*1221 The state is correct that the appellant is procedurally barred from arguing the second issue. See Adams v. State, 484 So.2d 1216 (Fla.1986); Brown v. State, 650 So.2d 1130 (Fla. 3d DCA 1995).
Affirmed in part and reversed in part.
ALTENBERND and FULMER, JJ., concur.