661 So.2d 312 (1995)
David A. POUNDS a/k/a David A. Powell, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03271.
District Court of Appeal of Florida, Second District.
July 28, 1995.
Rehearing Denied September 22, 1995.
Kirk N. Kirkconnell and David A. Henson of Kirkconnell, Lindsey & Snure, P.A., Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dale E. Tarpley, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, David A. Pounds a/k/a David A. Powell, challenges the judgments and sentences imposed upon him after he was resentenced pursuant to the supreme court's opinion in Burdick v. State, 594 So.2d 267 (Fla. 1992). The appellant was charged with, and found guilty of, armed robbery and resisting an officer without violence, in violation of sections 812.13 and 843.02, Florida Statutes (1989). The appellant was originally declared a habitual offender and sentenced to life imprisonment for the armed robbery conviction and to one year in the county jail for the resisting an officer conviction. At resentencing, he was declared a habitual offender and sentenced to serve twenty-five years in prison followed by ten years probation for the armed robbery conviction and to time served for the resisting an officer conviction. This timely appeal followed.
We affirm the appellant's convictions and sentences without discussion. We agree, however, with one of the appellant's three contentions concerning the imposition of conditions of probation.
Condition (20) of the order placing the appellant on probation provides:
You shall submit to and pay for an evaluation to determine whether or not you have any treatable problem with (alcohol) (any illegal drug). If you have said problem, you are to submit to, pay for, and successfully complete any recommended treatment program as a result of said evaluation, all to be completed at the direction of your Supervising Officer.
This condition constitutes a special condition of probation which must be orally pronounced at sentencing. Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994); Crawford v. State, 616 So.2d 1158 (Fla. 2d DCA 1993). Contra Navarre v. State, 608 So.2d 525 (Fla. 1st DCA 1992). Since it was not orally pronounced, it must be stricken.
We, accordingly, strike probation condition (20) and affirm the judgments and sentences in all other respects.
Affirmed as modified.
SCHOONOVER, A.C.J., and BLUE and QUINCE, JJ., concur.