PARKER, Judge.
Mark Richard Martin appeals the sentences which the trial court imposed in three cases on the same day. We affirm the sentences except for certain conditions of probation which we strike and modify.
At Martin’s sentencing, the trial court orally pronounced the following probationary conditions:
Also, in addition to the other conditions of the probation, the Court is going to impose the standard drug and alcohol conditions and require you to submit to any type of treatment that may be required, submit to any type of testing that may be requested by your probation officer.
And further that you either seek and maintain full-time employment or seek education either by vocational training or by obtaining a G.E.D. or some combination thereof.
The trial court thereafter imposed written conditions of probation which included the following special conditions:
(18) You shall not (consume any alcohol/illegal drugs) (be in possession of alcohol or illegal drugs) (associate with persons who use alcohol or illegal drugs) (frequent places where alcohol is the main source of business or illegal drugs are used).
(23) You will enroll in an Adult Education Program and make a good faith effort toward completion of such basic or functional literacy skills, or toward obtaining a high school equivalency diploma in accordance with F.S. 921.187, or attend vocational training, and/or obtain a job as directed by your Correctional Probation Officer or maintain full-time employment.
(28) You are to pay Fine & Court Costs for case(s) pled to of $300.00, to the Clerk of the Court, Criminal Division, within 4 months prior to termination of probation supervision. You will submit, within thirty (30) days, a written payment plan to your Supervising Officer.
We affirm those portions of condition (18) which prohibit Martin from consuming and possessing illegal drugs. We, however, strike the remaining portions. See Callaway v. State, 658 So.2d 593, 595 (Fla. 2d DCA 1995).
As to condition (23), we direct the trial court to modify its oral pronouncement to provide that Martin must work faithfully at suitable employment to the best of his ability. See Munson v. State, 654 So.2d 1220 (Fla. 2d DCA 1995).
Martin is correct that the payment of a fine and court costs which the court imposed as condition (28) must be struck because the court failed to provide statutory authority for the imposition of these costs. See Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). The state, however, may seek to reimpose these costs in accordance with the law. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
We remand this case to the trial court to modify probation conditions (18) and (23). We strike condition (28) without prejudice for the state to seek reimposition of the fine and costs. We affirm the sentences in all other respects.
DANAHY, A.C.J., and BLUE, J., concur.