BLUE, Acting Chief Judge.
Michael Alfonso Jefferson challenges the denial of his motion to suppress. We affirm. See, e.g., State v. Leyva, 599 So.2d 691, 693 (Fla. 3d DCA 1992); State v. Carrs, 568 So.2d 120 (Fla. 5th DCA 1990).
Jefferson also argues and we agree that the trial court erred in imposing probation conditions, certain court costs and attorney’s fees. Special conditions of probation must be orally announced at sentencing. Hamilton v. State, 653 So.2d 1068 (Fla. 2d DCA 1995). Because they were not announced, we strike special condition three prohibiting the possession of weapons, that portion of special condition five prohibiting the excessive use of intoxicants, and that portion of special condition eight requiring Jefferson to pay for random testing. See Hamilton.
The trial court faded to announce the statutory authority for costs; even the written judgment lacks citations to authorizing statutes. Accordingly, we strike the court costs of $288. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). In addition, we strike the public defender’s lien of $300 because the trial court failed to inform Jefferson that he could contest the amount. See Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992). On remand, the state may seek reimposition of appropriate costs and fees. See Reyes.
Affirmed in part, reversed in part and remanded.
LAZZARA and WHATLEY, JJ., concur.