667 So.2d 486 (1996)
James Robert BRISTOL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01226.
District Court of Appeal of Florida, Second District.
February 2, 1996.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Judge.
The appellant challenges his judgment and sentence for trafficking in methamphetamine. We find no error as to the appellant's conviction and, therefore, affirm. However, we agree with the appellant's argument that the trial court erred in imposing special conditions of probation without orally pronouncing them at sentencing. George v. State, 624 So.2d 824 (Fla. 2d DCA 1993). Thus, we strike: (1) the portion of condition 3 which forbids the appellant from carrying "destructive devices," Laster v. State, 658 So.2d 1129 (Fla. 2d DCA 1995); (2) condition 5 which prohibits the use of intoxicants to excess, Tomlinson v. State, 645 So.2d 1 (Fla. 2d DCA 1994); (3) the portions of conditions 8, 18, and 20 which relate to the use of alcohol, Hamilton v. State, 653 So.2d 1068 (Fla. 2d DCA 1995); (4) condition 8 which requires the appellant to pay for random drug testing, Pounds v. State, 661 So.2d 312 (Fla. 2d DCA 1995); and (5) condition 6 which requires the appellant to report his "supervision status" to his employer. Condition 6 also requires the appellant to "work faithfully at suitable employment." This condition must be modified to require the appellant to "work faithfully at suitable employment insofar as may be possible." Burke v. State, 642 So.2d 677, 678 (Fla. 5th DCA 1994) (emphasis added).
Accordingly, we affirm the appellant's judgment and sentence and remand to the trial court to modify the written order of probation in accordance with this opinion.
CAMPBELL, A.C.J., and QUINCE, J., concur.