PATTERSON, Acting Chief Judge.
Tracey Gipson challenges his judgment and sentence for possession of cocaine. We find no error as to Gipson’s conviction and therefore affirm. However, as Gipson argues, the trial court erred in imposing certain costs and probation conditions.
Gipson was ordered to pay $255 in court costs and $100 in investigative costs. Both costs were assessed without reference to their statutory authority. Therefore, we strike those costs. The state may seek to reimpose the costs upon remand. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
A defendant must be informed of his right to contest the amount of attorney’s fees awarded to a public defender or court-appointed attorney. Drinnon v. State, 598 So.2d 229 (Fla. 2d DCA 1992). Because Gip-son was ordered to pay $1,000 in attorney’s fees without notice or an opportunity to object, he may file an objection in the trial court to the amount assessed within thirty days of the mandate. If he files an objection, the assessment will be stricken. A new assessment may then be imposed if Gipson is given notice and a hearing. Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992); see Williams v. State, 655 So.2d 1205 (Fla. 2d DCA 1995).
Gipson challenges special condition of probation 7, regarding the use of intoxicants to excess, on the ground that it was not orally pronounced at sentencing. We affirm the imposition of condition 7 because Gipson had sufficient notice. See State v. Hart, 668 So.2d 589 (Fla.1996) (the supreme court’s promulgation of the “order of probation” form in Florida Rule of Criminal Procedure 3.986(e) constitutes sufficient notice to probationers of conditions 1-11, such that oral pronouncement is unnecessary).
Special condition 8 requiring Gip-son to work diligently at a lawful occupation, must be modified to require him to work diligently at a lawful occupation or actively seek employment, Godley v. State, 659 So.2d 447 (Fla. 2d DCA 1995), or to require Gipson to “work faithfully at suitable employment to the best of his ability.” Martin v. State, 659 So.2d 479, 480 (Fla. 2d DCA 1995). Finally, we strike special condition 12 regarding payment for drug testing because it was not orally pronounced at sentencing. Pounds v. State, 661 So.2d 312 (Fla. 2d DCA 1995).
Affirmed in part; probation conditions modified; and costs stricken.
ALTENBERND and LAZZARA, JJ., concur.