681 So.2d 738 (1996)
Stevie Lorenzo SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04374.
District Court of Appeal of Florida, Second District.
May 29, 1996.
*739 James Marion Moorman, Public Defender, and Wayne S. Melnick, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann P. Corcoran, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Stevie Scott appeals from his judgment and sentence for trafficking in cocaine. We hold that the evidence was sufficient to prove the weight of the cocaine and affirm Scott's conviction. We must, however, strike certain conditions of probation and costs.
We strike the portions of special conditions 8, 18, and 20 requiring Scott not to consume any alcohol, to pay for random testing for alcohol, and to submit to and pay for an evaluation to determine whether he has any treatable alcohol problem, because the trial court did not announce these conditions at sentencing. See State v. Hart, 668 So.2d 589 (Fla.1996); Lutz v. State, 21 Fla.L.Weekly D905, ___ So.2d ___ [1996 WL 172084] (Fla. 2d DCA Apr. 12, 1996). We affirm the portion of condition 8 which requires Scott to submit to random alcohol testing because section 948.03(1)(k)1., Florida Statutes (1993), provides notice of its imposition. See Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
As to the drug conditions, random substance abuse testing is statutorily mandated when the offense is for controlled substances and probation immediately follows incarceration. § 948.03(1)(k)2., Fla.Stat. (1993). This condition applies to Scott and need not be orally pronounced because the statute puts him on notice. See Nank v. State, 646 So.2d 762, 763 (Fla. 2d DCA 1994).
Conditions 8, 20, and 24 require that Scott submit to and pay for random testing for controlled substances, submit to and pay for an evaluation of any illegal drug problem, successfully complete any recommended program of his supervising officer, and obtain an evaluation to determine if he is in need of inpatient drug treatment. At sentencing, the trial judge announced that Scott would serve "five years drug probation subsequent to prison." This statement was insufficient to put Scott on notice of the additional drug-related probation conditions. See Nank, 646 So.2d at 763 (quoting Olvey v. State, 609 So.2d 640, 643 (Fla. 2d DCA 1992) (en banc)) ("trial court must sufficiently apprise the defendant of the `substance of each special condition' so that the defendant has the opportunity to object `to any condition which the defendant believes is inappropriate'"). Thus, we strike the drug-related special conditions, except the random testing portion, as statutorily authorized by section 948.03, and the portion prohibiting Scott from consuming and possessing illegal drugs. See Callaway v. State, 658 So.2d 593, 595 (Fla. 2d DCA 1995).
We also strike the $2 discretionary cost imposed pursuant to section 943.25(13), Florida Statutes (1993), because it was not orally announced at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
Affirmed as modified.
SCHOONOVER, A.C.J., and PATTERSON and QUINCE, JJ., concur.