RYDER, Acting Chief Judge.
A jury found Anthony Holmes guilty of possession of cocaine. He challenges his conviction on the grounds that the circumstantial evidence did not support his constructive possession of the drug. We affirm on this point without discussion.
Holmes also seeks review of certain conditions of his probation on the basis that they were not announced at sentencing. We affirm condition 5, the intoxicant condition, and condition 6, the employment condition, because they are general conditions of probation that need not be orally pronounced. State v. Hart, 668 So.2d 589 (Fla.1996). We strike the portion of condition 3, the weapons condition, that refers to destructive devices. Luster v. State, 658 So.2d 1129 (Fla. 2d DCA 1995). The rest of condition 3 is affirmed as a general condition. Hart. At the sentencing hearing, the lower court ordered that Holmes be evaluated for drug use and be subject to random drug testing, but it did not state that he was required to pay for the evaluation or tests. It did not orally order evaluation for alcohol use. Accordingly, we strike the portions of conditions 18 and 20 relating to alcohol, and the portions of conditions 8 and 20 requiring Holmes to pay for evaluation, treatment or testing. Bristol v. State, 667 So.2d 486 (Fla. 2d DCA 1996). We affirm the portion of condition 8 requiring Holmes to submit to random alcohol testing because section 948.03(l)(j)l., Florida Statutes (1993), provides notice of its imposition. See Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
We affirm the conviction and remand to the trial court to modify the written order of probation in accordance with this opinion.
BLUE and FULMER, JJ., concur.