PARKER, Judge.
Kenneth Neldo Washington appeals his judgment and sentences for two counts of armed robbery with a firearm, arguing that there was insufficient evidence to convict him as a principal to armed robbery, there were evidentiary errors, and the trial court erred in imposing certain conditions of probation, costs, and hens. We affirm the judgment and sentences. We reverse the order on the attorney’s fee hen, strike certain conditions of probation and costs, and remand for modification of one condition of probation and for corrections to certain costs.
Probation condition (3) stated, “You will not possess, carry or own any weapons, firearms, or destructive devices.” We strike that portion of condition (3) referring to weapons and destructive devices because it is a special condition of probation that was not pronounced orahy. See Callaway v. State, 658 So.2d 593 (Fla. 2d DCA 1995).
Condition (6) provides: “You will work faithfully at suitable employment. You will report to your employer your supervision status.” We uphold that condition of probation but, on remand, order the trial court to insert the phrase “insofar as may be possible.” See Godley v. State, 659 So.2d 447 (Fla. 2d DCA 1995); Bristol v. State, 667 So.2d 486 (Fla. 2d DCA 1996).
We strike those portions of probation conditions (8) and (20) requiring Washington to pay for testing and treatment for alcohol or controlled substances because they are special conditions which were not pronounced orahy. See Jacob v. State, 651 So.2d 147 (Fla. 2d DCA 1995).
Condition (18) provides: “You shah not (consume any alcohol/illegal drugs) (be in possession of alcohol or illegal drugs) (associate with persons who use alcohol or illegal drugs) (frequent places where alcohol is the main source of business or illegal drugs are used).” We strike the reference to alcohol. See Callaway.
Condition (31) provides: “No early termination consideration.” We strike that condition. See Jones v. State, 666 So.2d 191 (Fla. 2d DCA 1995); Baker v. State, 619 So.2d 411 (Fla. 2d DCA 1993).
The probation order contained the following costs, fines, and attorney fee assessment:
(1) $20 costs pursuant to section 960.20, Florida Statutes (1993), to be paid to the crimes compensation fund. The statute provides for a $50 mandatory amount; however, the trial court only imposed $20. Upon remand, the order must be corrected to reflect $50.
(2) $2 pursuant to section 943.25(8), Florida Statutes (1993). Subsection (8) does not authorize discretionary assessment of costs; however, subsection (13) does. In any event, we strike that cost because it is discretionary and was not pronounced orahy. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc).
(3) $290 additional costs pursuant to section 27.3455(1), Florida Statutes (1993). That statute mandates a statutory amount of $200, therefore, under Reyes, no oral pronouncement is required. However, we strike the additional $90.
(4) $300 fine pursuant to section 775.0835, Florida Statutes (1993). That fine is discretionary and can only be imposed upon proper notice and announcement of the statutorily required findings. See Reyes. Here, the trial court did announce the imposition of a $300 fine; however, the trial court did not cite statutory authority or make the appropriate findings. We, therefore, strike the $300 fine and the $15 surcharge.
Finally, the probation form attached to the judgment reflects at paragraph 28 a fine and cost of $615, which appears to be a total of ah the fines assessed in the other orders. On remand, the trial court should correct that order to reflect the proper amount.
As to attorney’s fees, the state concedes it was improper for the trial court to assess an indeterminate amount of attorney’s fees. See Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992); Goodling v. State, 482 *735 So.2d 594 (Fla. 4th DCA 1986). On remand, the trial court may assess an amount of attorney’s fees after proper notice and an opportunity to contest the amount of the fees. Bourque.
We affirm the judgment and sentences. We strike probation condition (31) and portions of conditions (3), (8), (18), and (20). We direct the trial court to modify probation condition (6) to include the phrase “insofar as may be possible.” We strike the $2 cost imposed pursuant to section 943.25(8) and the additional $90 cost imposed pursuant to section 27.3455(1). On remand, the trial court shall correct the cost imposed pursuant to section 960.20 to reflect $50. Finally, we reverse the attorney fee assessment. On remand, the trial court may again assess attorney fees after proper notice and hearing.
FRANK, A.C.J., and WHATLEY, J., concur.