688 So.2d 959 (1997)
Gerald BOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01637.
District Court of Appeal of Florida, Second District.
February 19, 1997.
Domingo G. Alvarez, III, Orlando, for Appellant.
*960 Robert A. Butterworth, Attorney General, Tallahassee, and Jon Johnson, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, Gerald Boyd, challenges his judgment and sentences for armed possession of cannabis, carrying a concealed firearm, and possession of a firearm by a convicted felon. We affirm his convictions without discussion. We must strike or modify, however, the following conditions of drug offender probation and the imposition of costs to be paid to the Florida Department of Law Enforcement (FDLE). Accordingly, we strike the portion of Condition 18 concerning the consumption and possession of alcohol because it is a special condition that was not orally announced at sentencing. Reed v. State, 652 So.2d 912 (Fla. 2d DCA 1996). We modify Condition 6 requiring defendant to work at suitable employment to state "to the best of his ability." Gipson v. State, 670 So.2d 1097 (Fla. 2d DCA 1996). We strike the portions of Conditions 8, 20, and 24 requiring defendant to pay for drug and alcohol testing, evaluation, and treatment because they are special conditions that were not orally announced at sentencing. Luby v. State, 648 So.2d 308 (Fla. 2d DCA 1995). Additionally, we strike the portion of Condition 20 relating to alcohol evaluation and treatment because it is a special condition that was not orally announced at sentencing. Sims v. State, 688 So.2d 337 (Fla. 2d DCA Dec. 4, 1996); Dean v. State, 669 So.2d 1140 (Fla. 4th DCA 1996). Finally, we strike the imposition of $100 in costs to the FDLE because they were imposed without a request by the FDLE, without documentation, and without considering the defendant's ability to pay. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994). We affirm the sentences in all other respects.
Affirmed as modified.
PATTERSON, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.