697 So.2d 928 (1997)
Edward BROWN, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-00678.
District Court of Appeal of Florida, Second District.
July 30, 1997.
James Marion Moorman, Public Defender, and Paul C. Helm, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jon J. Johnson, Assistant Attorney General, Tampa, for Appellee.
DANAHY, Acting Chief Judge.
Based upon a plea agreement to two counts of attempted capital sexual battery, the trial court sentenced the appellant to concurrent terms of nine years' incarceration followed by ten years' probation. The trial court also imposed two conditions in the written order of probation which were not orally pronounced at sentencing and which were not included in the plea agreement. This was error in part. State v. Hart, 668 So.2d 589 (Fla.1996). Consequently, we must strike a portion of one condition but, as explained below, we do not disturb the other unpronounced condition in the probation order.
Checked off in the written order of probation are Conditions (18) and (19) which provide as follows:
(18) You shall not (consume any alcohol/illegal drugs) (be in possession of alcohol or illegal drugs) (associate with persons who use alcohol or illegal drugs) (frequent places where alcohol is the main source of business or illegal drugs are used).[1]
(19) You shall submit to a Warrantless Search of your person, premises or *929 vehicle by your Supervising Officer at any time.[2]
We turn first to Condition (18). Consuming alcohol, associating with persons who use alcohol, and frequenting places where alcohol is the main legal source of business are not illegal activities. Furthermore, these activities are not proscribed in the form order of probation found in Florida Rule of Criminal Procedure 3.986(e). Hart. Thus, based on Hart, and as we did in Washington v. State, 686 So.2d 733, 734 (Fla. 2d DCA 1997), we strike the references to alcohol.
We turn now to Condition (19) which presents us with a special problem. Condition (19) requires the appellant to submit to a warrantless search of his person, premises or vehicle by his supervising officer at any time. Under Hart, because it was not pronounced at the appellant's sentencing, is not codified in rule 3.986 as a general condition of probation, nor is found in section 948.03, Florida Statutes (1995), we would ordinarily strike it. We decline to do so, however, based on the following reasoning.
Probation officers have legally conducted warrantless searches of probationers and their homes and vehicles for some time. See Grubbs v. State, 373 So.2d 905, 907 (Fla.1979) (warrantless search of probationer's person or residence by probation officer is valid to extent that evidence discovered in search may be used in probation revocation proceedings but not to support separate criminal proceeding based on the evidence so found unless Fourth Amendment is complied with), reaffirmed in Soca v. State, 673 So.2d 24 (Fla.1996). Section 948.03 does not specifically state as a condition of probation that a probationer must submit to a warrantless search of his or her person, home, or vehicle; this section does, however, authorize a probation officer to visit a probationer's home or elsewhere at any time. § 948.03(1)(b). In Grubbs, 373 So.2d at 907, the supreme court noted that because of a probationer's status, although the probationer does not absolutely forfeit his or her Fourth Amendment protection against unreasonable searches and seizures, the right becomes a qualified one.
Chapter 948, Florida Statutes (1977), provides that a defendant placed on probation shall be under the "supervision and control" of the Department of Offender Rehabilitation [now the Department of Corrections]. It is our view that this statute inherently includes the duty of the probation supervisor to properly supervise the individual on probation to ensure compliance with the probation order. The statute further expressly authorizes the probation supervisor to arrest a probationer without a warrant and to bring the probationer before the court which entered the probation order whenever there is a reasonable ground to believe the probationer has violated his probation. § 948.06, Fla. Stat. (1977).
It would be impossible to properly supervise an individual on probation if the probation supervisor had no authority to enter upon the living quarters of his probationer... [or conduct] a reasonable search of his person and quarters by the supervisor. In our view it would be unreasonable to require a probation supervisor to supervise an individual on probation in the absence of such authority.
Grubbs, 373 So.2d at 908. Based upon the supreme court's construction of chapter 948 in Grubbs and its finding that probationer officers must be able to conduct warrantless searches in order to properly supervise their probationers,[3] we conclude that the statute provides the necessary notice which validates Condition (19) on the appellant's probation order as it is written and that it was not necessary to specially pronounce it at sentencing. See Hart, 668 So.2d at 592.
We affirm the appellant's convictions and sentences except for the stricken portions of *930 Condition (18) of the order of probation as outlined above.
SCHOONOVER and FULMER, JJ., concur.
NOTES
[1] Compare the corresponding language of the form order in rule 3.986(e): "(7) You will not use intoxicants to excess or possess any drugs or narcotics unless prescribed by a physician. Nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used."
[2] Compare the corresponding language of the form order in rule 3.986(e): "(9) You will promptly and truthfully answer all inquiries directed to you by the court or the officer, and allow your officer to visit in your home, at your employment site, or elsewhere, and you will comply with all instructions your officer may give you."
[3] It would be anomalous indeed to find that chapter 948 permits warrantless arrests but not warrantless searches.