PATTERSON, Judge.
Larry Rudd appeals from his judgment and sentence for resisting arrest with violence, battery on a law enforcement officer, resisting arrest without violence and simple battery. We affirm Rudd’s convictions, *1093 strike certain probation conditions and costs, and remand for resentencing with a score-sheet which does not include points for slight victim injury.
On June 30, 1995, Bartow Police Officer David Matos placed Rudd under arrest. Rudd was loud, aggressive, and uncooperative during the booking process. When Officer Matos attempted to take Rudd’s fingerprints, Rudd pulled his arm away and acted as if he was going to strike the officer. Officer Matos began to grapple with Rudd, and Rudd kicked and punched the officer. With the assistance of other officers, Rudd was handcuffed and returned to a holding cell where he started banging his head against the door. Noticing that Rudd had sustained injuries to his forehead, Officer Matos requested that Rudd receive medical attention. Bartow Police Officer Chauncey accompanied Rudd to the local hospital emergency room for treatment. When Officer Chauncey attempted to hold Rudd down to make him he still for a CAT scan, Rudd reached over and struck Officer Chauncey with his fist which prompted a struggle. With assistance from hospital personnel, Officer Chauncey managed to subdue Rudd.
As to Officer Matos, the jury found Rudd guilty of resisting arrest with violence and battery on a law enforcement officer. As to Officer Chauncey, the jury found Rudd guilty of the lesser-included offenses of resisting without violence and battery. At the sentencing hearing, defense counsel objected to the imposition of four sentencing points for slight victim injury. Counsel pointed out that neither officer testified that he had been injured in his altercation with Rudd. The trial court stated that it could “reasonably infer that being kicked and punched hurts” and, thus, the court allowed the points for slight injury.
We agree that the trial court erred in assessing points for slight victim injury because no testimony in the record supports the addition of the points to Rudd’s score. See Mincey v. State, 468 So.2d 473 (Fla. 4th DCA 1985). In Mincey, police officers testified that they had been punched or kicked while arresting the defendant; however, they did not state that they had been injured. Because testimony as to injury was lacking, the court held that no victim injury points could be scored. On the basis of Mincey, we remand for resentencing with a corrected scoresheet.
Rudd also correctly argues that the trial court erred in: (1) requiring him to pay for random testing for alcohol because it was a special condition of probation which was not announced at sentencing, see Scott v. State, 681 So.2d 738 (Fla. 2d DCA 1996); (2) failing to announce restitution as a condition of probation and listing the police department as the recipient of restitution, see Williams v. State, 588 So.2d 660 (Fla. 1st DCA 1991), and Bain v. State, 559 So.2d 106 (Fla. 4th DCA 1990); and (3) requiring Rudd to pay a fine under section 775.083, Florida Statutes (1993), a discretionary cost which was not announced at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
We find no merit to Rudd’s remaining points on appeal. Accordingly, we affirm Rudd’s convictions, strike certain conditions of probation, and remand for resentencing with a corrected scoresheet.
Affirmed in part, reversed in part, and remanded.
PARKER, C.J., and FULMER, J., concur.