DANAHY, Acting Chief Judge.
The appellant was convicted of gambling, resisting arrest with violence, and possession of cocaine. The trial court sentenced him to time served for the first two crimes and probation for the third. It then imposed certain costs and conditions of probation upon him. On appeal he contends the trial court erred in denying his motion to suppress as well as in imposing several of the cost items and probation conditions. We find the suppression issue to be without merit and the order of suppression properly entered. Accordingly, we affirm the convictions. We do, however, agree with the appellant’s argu *635 ment on certain of the costs and probation condition issues.
At the sentencing hearing the trial court announced that it was imposing $300 in court costs, $300 in attorney’s fees, and $100 to the Florida Department of Law Enforcement for lab work. It also announced that all drug-related conditions would apply and that the appellant would have to submit to random urinalysis at his own expense. When asked by the trial court if he had any questions about this, the appellant said “no” and neither he nor defense counsel made any objection.
It was error to impose the attorney’s fees in this manner because the court did not set forth the statutory basis for them. See Garrison v. State, 685 So.2d 53 (Fla. 2d DCA 1996). Imposing the fees for the lab work was error because the agency entitled to those fees neither requested them nor provided the necessary documentation. These fees are discretionary. See §§ 939.01, 943.33, Fla. Stat. (1995); Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). In accord with the procedure set out in Garrison, the appellant will have thirty days from the date of our mandate to file a written objection to these fees. If he does object, they may be reimposed if the proper procedure is followed.
Contrary to the appellant’s arguments, the transcript reveals that the special condition of probation requiring him to pay for random drug testing was announced at sentencing and neither he nor defense counsel objected. We therefore affirm this condition because it was imposed in accord with State v. Hart, 668 So.2d 589 (Fla.1996). In addition to the usual drug-related conditions, the written order of probation contains special condition 18 which additionally imposes alcohol-related prohibitions. These alcohol-related prohibitions were not announced at the sentencing hearing, are not related to the appellant’s convictions, and do not concern illegal activities. It was therefore error to include them in the order of probation. Brown v. State, 697 So.2d 928 (Fla. 2d DCA 1997).
We affirm the convictions and sentence without prejudice to the filing of a written objection to the two costs items we have noted above. Additionally we strike the alcohol-related provisions of special condition 18.
PATTERSON and QUINCE, JJ„ concur.