901 So.2d 311 (2005)
Charles AYOUB, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-123.
District Court of Appeal of Florida, Second District.
May 4, 2005.
*313 James Marion Moorman, Public Defender, and Celene Humphries, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Charles Ayoub appeals, by Anders[1] brief, his judgments and sentences for possession of oxycodone and battery of a person sixty-five years of age or older. In the initial Anders brief, Ayoub's counsel asserted numerous minor sentencing issues pursuant to In re Anders Briefs, 581 So.2d 149 (Fla.1991). Because the State did not address these issues in its answer brief, this court entered an order directing the State to file a supplemental brief, which it has done, responding to the issues raised by Ayoub. We affirm Ayoub's convictions and sentences, except to the extent that we reverse and remand on several of the sentencing issues as discussed below.
The trial court imposed concurrent sentences of two years of community control to be followed by two years of drug offender probation, with a special condition that Ayoub reside in jail for 325 days. Ayoub filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) to preserve the minor sentencing issues for review. Because the trial court failed to enter an order on the motion within sixty days, we consider the motion to be denied. See Fla. R.Crim. P. 3.800(b)(2)(B).
First, we address Ayoub's claim regarding condition 21 of the probation orders and condition 24 of the community control orders which state: "You will submit to search and seizure of person, automobile and residence at any reasonable time by your probation officer without a warrant." Ayoub contends that this is a special condition that must be orally pronounced at sentencing. In Brown v. State, 697 So.2d 928, 929 (Fla. 2d DCA 1997), this court determined that this condition need not be orally pronounced, noting that "probation officers must be able to conduct warrantless searches in order to properly supervise their probationers." Based on Brown, we reject Ayoub's claim as to condition 21 of the probation orders and condition 24 of the community control orders.
Probation condition 30 and community control condition 33 purport to suspend Ayoub's driver's license for an unspecified period of time. For the possession of oxycodone offense, we reverse and remand for the trial court to correct the conditions to reflect that the trial court directs the Department of Highway Safety & Motor Vehicles to revoke Ayoub's driving privilege for two years. See § 322.055, Fla. Stat. (2002); Martin v. State, 618 So.2d 737, 740 (Fla. 1st DCA 1993). For the battery offense, we strike the conditions suspending Ayoub's driver's license based on the State's concession that there is no mandatory requirement of driver's license suspension or revocation for that offense and its acknowledgment that the conditions should be stricken.
Ayoub correctly contends that condition 22 of the probation orders and condition 25 of the community control orders, which require Ayoub to submit to and pay *314 for evaluation and treatment for alcohol and illegal drugs, are special conditions that the trial court must orally pronounce. See Edwards v. State, 814 So.2d 1197, 1198 (Fla. 2d DCA 2002); Boyd v. State, 688 So.2d 959, 960 (Fla. 2d DCA 1997). He argues that the trial court did not orally pronounce the conditions and, therefore, that the conditions must be stricken.
In Boyd, this court struck conditions of drug offender probation relating to alcohol evaluation and treatment and payment for drug and alcohol testing, evaluation, and treatment because they were not orally announced at sentencing. 688 So.2d at 960. As indicated in Scott v. State, 681 So.2d 738, 739 (Fla. 2d DCA 1996), a court's oral statement placing a defendant on "drug probation" is insufficient to put the defendant on notice of additional drug-related probation conditions.
Here, the trial court only announced that Ayoub would be subject to evaluation for substance abuse. Thus, those portions of condition 22 of the probation orders and condition 25 of the community control orders requiring treatment and payment for evaluation and treatment must be stricken. Although the State argues that Brock v. State, 688 So.2d 909 (Fla.1997), supports the imposition of the conditions, its reliance on that case is misplaced because it involved the condition of random alcohol and drug testing, which is a general condition of probation authorized under section 948.03, Florida Statutes (2002).
Ayoub also contests a $150 court facility fee imposed in written orders entitled "CHARGES/COSTS/FEES." Those cost orders did not cite to section 939.18(1)(a), Florida Statutes (2002), the statutory authority for the fee, but condition 33 of the probation orders and condition 36 of the community control orders also impose the fee and properly cite section 939.18(1)(a). However, the State concedes that the trial court did not inquire, as required by section 939.18(1)(b), whether Ayoub "has the ability to pay the additional assessment and will not be prevented thereby from making restitution or other compensation to victims which is authorized by law or from paying child support." Thus, we strike the $150 court facility fee from the cost orders, probation orders, and community control orders and remand for the trial court to reconsider imposition of the cost if it makes the necessary findings required by section 939.18(1)(b). See Caton v. State, 862 So.2d 901, 902 (Fla. 2d DCA 2003); Patterson v. State, 796 So.2d 572, 574 (Fla. 2d DCA 2001).
Ayoub further challenges a $3 cost imposed pursuant to Pasco County Ordinance 97-03 for the Juvenile Assessment Center. Ayoub argues that the trial court lacked statutory authority to impose this cost and that a trial court may not rely on a local ordinance to impose a court cost, citing Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). The State correctly points out, however, that this is a mandatory cost pursuant to section 938.17(1), (2), Florida Statutes (2002), and that Pasco County adopted ordinance 97-03 pursuant to section 775.0833,[2] the predecessor of section 938.17. The State also contends that identifying the cost as "Juvenile Assessment Center" is a sufficient description to substitute for a statutory citation in this case. We agree. Thus, we do not strike this cost, but we direct that future cost orders include a reference to both section 938.17 and the applicable ordinance. See Reyes, 655 So.2d at 121-22 (concluding that the reference to "Hillsborough County Drug Fund" was sufficient to substitute for a statutory citation in that *315 case, but directing "the Thirteenth Judicial Circuit to take steps to include a reference to both section 893.165 and ordinance 88-52 in future cost orders").
Finally, we address Ayoub's contention that the probation and community control orders must be corrected to identify the statutory authority for the $3 cost imposed pursuant to Pasco County Ordinance 99-23 for "Teen Court Assessment." We note that the cost orders properly cite section 938.19 as the statutory authority for this cost. The State submits and we agree that the reference to the teen court assessment was sufficient in this case. However, we direct that future court orders include a reference to both section 938.19 and the applicable ordinance. See Reyes, 655 So.2d at 121-22.
Accordingly, we affirm Ayoub's judgments and sentences, except to the extent that we reverse and remand on the minor sentencing issues discussed above.
Affirmed in part, reversed in part, and remanded.
WALLACE, J., and THREADGILL, EDWARD F., Senior Judge, Concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Section 775.0833, Florida Statutes (Supp.1996), was renumbered as section 938.17, effective July 1, 1997. See Ch.97-271 § 15, at 4990-91, § 50 at 5012, Laws of Fla.