STRINGER, Judge.
Gabriel Arevalo seeks review of the sentence entered following a jury trial at which Arevalo was found guilty of two counts of sexual battery with the threat of force. Because the written sentence does not conform to the oral pronouncement, we reverse and remand for correction of the sentencing documents.
At the sentencing hearing, the trial court orally sentenced Arevalo to fifty years in prison for count one and to fifteen years in prison followed by thirty-five years of probation as a sexual predator for count three. The trial court declared Are-valo to be a habitual violent felony offender and a prison releasee reoffender. Are-valo’s written sentencing order, however, finds Arevalo to be a violent career criminal, though the court never made such a finding at the sentencing hearing. Additionally, the written order adds thirty-five years of probation to the sentence for count one.
Arevalo raised the issue of the nonconforming written sentencing order in a motion to correct sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The trial court has not ruled on this motion, and we thus consider the motion to be denied. See Ayoub v. State, 901 So.2d 311 (Fla. 2d DCA2005).
It is a longstanding principle of law that “a court’s oral pronouncement of sentence controls over the written document.” Ashley v. State, 850 So.2d 1265, 1268 (Fla.2003). Thus, as the State properly concedes, the written sentence in this case must be corrected to conform to the oral pronouncement. Accordingly, we reverse and remand for correction of the sentencing documents.
Reversed and remanded for correction of sentence.
FULMER, C.J., and CANADY, J., Concur.