DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JESSE CLEVELAND HARRELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D12-1675 and 4D12-1676

[April 22, 2015]

Consolidated appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Colbath, Judge; L.T. Case No. 502011CF012332AXXXMB.

Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

CIKLIN, J.

Jesse Cleveland Harrell timely appeals his judgment and sentence for felon in possession of a firearm and the order revoking his probation for committing a new offense of the same nature. Harrell argues that the trial court erred in failing to suppress evidence obtained as a result of a warrantless, suspicionless search of his residence by his probation officer. Finding no error, we affirm.

At the time of the subject search, Harrell was on probation and community control for manslaughter and battery. His order of probation largely tracked the language of section 948.03(1), Florida Statutes (2000). Specifically, one of the conditions of Harrell's probation was, "You will . . . allow the [Probation] Officer to visit in your home . . . ." The search took place because Harrell was selected for a "planned compliance initiative," for which probationers for violent felony offenses were being randomly selected for a search to ensure compliance with their orders of supervision. Prior to the unannounced search, there was no suspicion

that Harrell possessed firearms or contraband or was otherwise in violation of the conditions governing his probation and community control.

At approximately 5:45 a.m. on the day of the search, two probation officers accompanied by six or seven police officers arrived at Harrell's residence, an apartment he shared with his parents and a sibling. After the police officers swept the home for security purposes, the probation officers entered the home to commence the search while Harrell and the other residents remained outside with the police officers.

Inside Harrell's bedroom, one of the probation officers, searching his dresser drawers and behind furniture, found clips of ammunition and felt the butts of guns. The officer stopped searching and the home was sealed until police officers obtained a search warrant. Upon execution of the warrant, police officers found ammunition and seven rifles.

The final hearing on the alleged violation of probation and trial for the new offense were combined, and a bench trial was conducted. Evidence of the items obtained in the search was admitted during the proceedings, after which Harrell was found to have violated his probation and found guilty of felon in possession of a firearm.

On appeal, Harrell contends the warrantless search violated the Fourth Amendment and the evidence should have been suppressed because (1) there was no reasonable suspicion and there was no condition for warrantless searches in the order placing him on probation, and (2) the search was conducted at an unreasonable hour and in an unreasonable manner.

With respect to Harrell's first argument, the state asserts that the search was lawful pursuant to precedent from the Florida Supreme Court in *Grubbs v. State*, 373 So. 2d 905 (Fla. 1979). Harrell argues that a United States Supreme Court case, *United States v. Knights*, 534 U.S. 112 (2001), is controlling.

Both the federal and state constitutions prohibit the government from conducting unreasonable searches. Amend. IV, U.S. Const.; Art. I, § 12, Fla. Const. Under the conformity clause of article I, section 12 of the Florida Constitution,[1] Florida courts "are bound to follow the

---

[1] The right to be secure against unreasonable searches and seizures "shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or

interpretations of the United States Supreme Court with respect to the Fourth Amendment . . . ." *Soca v. State*, 673 So. 2d 24, 27 (Fla. 1996) (citation omitted). "However, when the United States Supreme Court has not previously addressed a particular search and seizure issue which comes before us for review, we will look to our own precedent for guidance." *Id.* (citations omitted).

Because the United States Supreme Court has not yet addressed the reasonableness of a suspicionless probationary search absent an express warrantless search probation condition, Florida law controls.

Conditions of probation and community control are governed by chapter 948, Florida Statutes, under which a defendant placed on probation is subject to "supervision" and a defendant placed on community control is subject to "intensive, supervised custody" by a Department of Corrections probation officer. *See* § 948.001(2), (5), Fla. Stat. (2000). One codified condition of probation requires the probationer to "[p]ermit such supervisors to visit him or her at his or her home or elsewhere." § 948.03(1)(b), Fla. Stat. (2000). There is no subsection, however, which expressly authorizes probation officers to conduct warrantless, suspicionless searches.

Harrell points to the lack of an express warrantless search condition in section 948.03. He also cites section 948.30(1)(k), Florida Statutes (2005), which authorizes warrantless searches for certain sex offenders, to make a statutory construction argument under the rule of *expressio unius est exclusio alterius*, the express mention of one thing excludes all others. Harrell argues that if the Legislature had intended to make warrantless searches a condition for all probationers, it would have done so. *See Cason v. Fla. Dep't of Mgmt. Servs.*, 944 So. 2d 306, 315 (Fla. 2006) ("In the past, we have pointed to language in other statutes to show that the Legislature 'knows how to' accomplish what it has omitted in the statute in question."); *see also State v. Chubbuck*, 141 So. 3d 1163, 1171 (Fla. 2014) ("Had the Legislature intended to require unavailability of specialized treatment in the DOC as an element of subsection 921.0026(2)(d), it could have said so.").

Under Florida law, however, a warrantless search of a probationer's home by his probation officer is reasonable and is not dependent on the

information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution." Art. I, § 12, Fla. Const.

existence of an express search condition in a probation order.  *Grubbs*, 373 So. 2d at 909-10.  As the Florida Supreme Court has explained:

> It would be impossible to properly supervise an individual on probation if the probation supervisor had no authority to enter upon the living quarters of his probationer to observe his lifestyle; to require the probationer . . . to permit a reasonable search of his person and quarters by the supervisor.  In our view it would be unreasonable to require a probation supervisor to supervise an individual on probation in the absence of such authority.

*Id.* at 908.  A probation officer's authority to search arises from the Department of Corrections' statutory duty to supervise defendants placed on probation and community control pursuant to chapter 948.  As recognized in *Grubbs,* "The search of a probationer's person or residence by a probation supervisor without a warrant is, in our view, a reasonable search and absolutely necessary for the proper supervision of probationers." *Id.* at 909.

Several courts have addressed the lack of an express search condition in the subject statute and concluded that, although the chapter does not expressly permit a warrantless search by a probation officer, this condition stems from *Grubbs.  See Brown v. State,* 697 So. 2d 928, 929 (Fla. 2d DCA 1997) ("Based upon the supreme court's construction of chapter 948 in *Grubbs* and its finding that probationer officers must be able to conduct warrantless searches in order to properly supervise their probationers, we conclude that the statute provides the necessary notice . . . ." (footnote omitted)); *Soca,* 673 So. 2d at 28 ("Florida's statutes contain no scheme expressly authorizing or regulating the authority of probation officers or supervisors to conduct a probationary search . . . . Rather, a probation officer's right to search is based on our holding in *Grubbs* . . . ."); *see also State v. Yule,* 905 So. 2d 251, 255 (Fla. 2d DCA 2005) ("[T]he authority of the probation officers to monitor and control the probationer . . . provided a sufficient basis for them to enter her residence and conduct a warrantless search."); *Ayoub v. State,* 901 So. 2d 311, 313 (Fla. 2d DCA 2005) (recognizing that condition requiring submission to search by probation officer "need not be orally pronounced" because warrantless searches are necessary for proper supervision of probationers (citing *Brown,* 697 So. 2d at 929)).

Extending the same general authority to conduct a warrantless search to a law enforcement officer, however, is not permissible under the Fourth Amendment, according to *Grubbs.*  373 So. 2d at 909.

Accordingly, this is a critical factor of distinction for the United States Supreme Court case cited by defendant as controlling, *Knights*, 534 U.S. 112.

In *Knights*, the Supreme Court applied a totality of the circumstances analysis. *Id.* at 118. In so doing, it held that a warrantless search conducted by a law enforcement officer supported by reasonable suspicion—and authorized by a probation condition requiring the probationer to consent to searches by any probation officer or any law enforcement officer at any time—was reasonable within the meaning of the Fourth Amendment. *Id.* at 122. *See also Griffin v. Wisconsin*, 483 U.S. 868, 875-76 (1987) (applying "special needs" analysis and holding that warrantless search of petitioner's residence was "reasonable" because it was conducted pursuant to state regulation requiring "reasonable grounds," which regulation is a reasonable response to "special needs" of state's probation system).

The *Knights* Court included in its analysis the fact that Knights' reasonable expectation of privacy was significantly diminished by the condition of his probation, but the condition was not a dispositive factor since the Court applied a totality of the circumstances approach, *id.* at 118, and it did not address the reasonableness of a search predicated only upon the probation condition, *Samson v. California*, 547 U.S. 843, 850 (2006). The analysis involved weighing the state's interest in supervising probationers and protecting the public at large against a probationer's privacy interests. *Knights*, 534 U.S. 119-21. Consequently, *Knights*' holding cannot be construed as requiring either a probation condition or reasonable suspicion as a predicate for a warrantless search by a probation officer.

Because of the significant factual differences between *Knights* and the instant case, *Knights* is not controlling. The Second District Court of Appeal has recognized that *Grubbs* is partially abrogated by *Knights*, but the court specified, "If law enforcement officers lack a reasonable suspicion to search, then *Knights* is inapplicable. In that instance, *Knights* would not conflict with *Grubbs*." *Bamberg v. State*, 953 So. 2d 649, 654 n.4 (Fla. 2d DCA 2007). In the instant matter, the parties do not dispute that there was no reasonable suspicion to search; therefore, *Grubbs* is controlling and *Knights* is inapplicable.

A totality of the circumstances analysis is not necessary here, as the Florida Supreme Court has already determined that a search of a probationer by a probation officer is reasonable. As we have stated, such a search was expressly authorized by the court in *Grubbs* as "reasonable

. . . and absolutely necessary for the proper supervision of probationers." 373 So. 2d at 909. Accordingly, the subject search was reasonable and the trial court did not err in admitting the evidence.[2]

The second issue presented by Harrell on appeal—that the search was conducted at an unreasonable time and in an unreasonable manner—was not raised in the proceedings below and, therefore, we review the issue for fundamental error. *See Hall v. State*, 92 So. 3d 223, 225 (Fla. 4th DCA 2012) ("Absent fundamental error, an appeal may not be taken from a trial court's judgment or order unless properly preserved." (quoting *Rhodes v. State*, 986 So. 2d 501, 513 (Fla. 2008))).

The reasonableness of the manner of a search is dependent on the facts and circumstances of the case. *Webster v. State*, 201 So. 2d 789, 791 (Fla. 4th DCA 1967). A search may become unreasonable if made at an unreasonable hour or where there has been arbitrary or oppressive conduct on the part of the parole officer. *See United States ex rel. Randazzo v. Follette*, 282 F. Supp. 10, 13 (S.D.N.Y. 1968), *aff'd*, 418 F.2d 1319 (2d Cir. 1969).

While there does not appear to be any Florida case directly opining on times at which a search would be considered unreasonable, Florida courts have allowed the admission of evidence obtained in non-exigent searches conducted at more egregious hours than the 5:45 a.m. search at issue here. *State v. Chen*, 1 So. 3d 1257, 1259-60 (Fla. 2d DCA 2009) (reversing order suppressing evidence obtained in 12:30 a.m. search of apartment); *State v. Swank*, 399 So. 2d 510, 512 (Fla. 4th DCA 1981) (reversing order suppressing evidence obtained in 4:00 a.m. search of hotel room). Furthermore, section 948.03(1)(b), which permits a supervisor to visit a probationer at his home, places no time restrictions on the visits. Such a restriction would be counterproductive for obvious reasons. Consequently, the trial court did not fundamentally err in admitting the evidence despite the allegedly unreasonable hour of the search.

Furthermore, the probation officers' accompaniment by law enforcement officers as well as the officers' detention of the residents during the search were precautionary safety measures and did not

---

[2] Ordinarily, the use of evidence obtained in a search by a probation officer would be limited to the violation of probation proceedings, but Harrell did not raise this argument before the trial court or now in his appeal before us. *See Grubbs*, 373 So. 2d at 907 (noting that such a search "is valid to the extent that the evidence discovered is used only in probation violation proceedings").

violate constitutional prohibitions on unreasonable searches. *See Yule*, 905 So. 2d at 255 (explaining that the interest in probation officer safety outweighed any additional intrusion into probationer's privacy and was adequate justification for the detention of probationer's roommate).

*Affirmed.*

STEVENSON and TAYLOR, JJ., concur.

<div align="center">*    *    *</div>

**<div align="center">*Not final until disposition of timely filed motion for rehearing.*</div>**