674 So.2d 189 (1996)
Sean J. REITER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-04597.
District Court of Appeal of Florida, Second District.
May 22, 1996.
*190 James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Tampa, for Appellee.
PATTERSON, Acting Chief Judge.
Sean J. Reiter appeals from his judgment and sentence for grand theft. We find no merit in his argument challenging the sufficiency of the evidence and, therefore, affirm his conviction. However, we find merit in his argument that several of his probation conditions are invalid or need modification.
Reiter argues that probation conditions 4, 6, 7, 12, and 13 must be stricken because they were not announced at sentencing. Since Reiter had sufficient notice of conditions 4, 6, and 7 in the "Order of Probation" form in Florida Rule of Criminal Procedure 3.986, these conditions need not be orally pronounced. See State v. Hart, 668 So.2d 589 (Fla.1996). Condition 12, which requires Reiter to submit to random blood, breathalyzer, and urinalysis examinations, is a standard condition of probation which is applicable to any probationer under section 948.03, Florida Statutes (1993). See § 948.03(1)(j), Fla.Stat. (1993). Therefore, it need not be orally pronounced. Hayes v. State, 585 So.2d 397 (Fla. 1st DCA), review denied, 593 So.2d 1052 (Fla.1991). However, the portion of condition 12 which requires Reiter to pay for such tests was not mentioned at the sentencing hearing, and is not a standard condition. Therefore, we strike that portion of condition 12. See Catholic v. State, 632 So.2d 272 (Fla. 4th DCA 1994). Condition 13 requires Reiter to "waive extradition should a violation of supervision occur." We strike condition 13 because it is a special condition which was not orally pronounced. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
Condition 8 requires Reiter to "work diligently at a lawful occupation, advise your employer of your probation status, and support any dependents to the best of your ability, as directed by your officer." Reiter argues that this condition should be modified to include the words "insofar as may be possible" to prevent him from being in violation because of economic circumstances beyond his control. In Gregory v. State, 616 So.2d 174 (Fla. 2d DCA 1993), the defendant also challenged this condition on the ground that he could be penalized for circumstances beyond his control. This court interpreted the qualifying phrase "to the best of your ability" as applying to the requirement that he work diligently at a lawful occupation. Under Gregory, condition 8 is acceptable without change.
In condition 10, the trial court imposed $280 in court costs and a $250 fine. Because the order of probation gives no statutory authority for the imposition of the costs and fine, we strike those portions of the condition. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc); Sutton v. State, 635 So.2d 1032, 1033 (Fla. 2d DCA 1994).
Finally, at sentencing, the trial court ordered Reiter to pay $100 in restitution to Kenny Rogers' Roasters. However, the probation order requires payment of $400 in restitution. Therefore, the written order *191 must be modified to conform to the court's oral pronouncement. Williams v. State, 525 So.2d 458, 460 (Fla. 2d DCA 1988).
Affirmed as modified.
LAZZARA and FULMER, JJ., concur.