679 So.2d 840 (1996)
Terry McDANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01203.
District Court of Appeal of Florida, Second District.
September 11, 1996.
Terry McDaniels, pro se.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
*841 BLUE, Judge.
Terry McDaniels appeals, by Anders[1] brief, his judgment and sentence for aggravated battery. After an independent review of the record, the law, and the supplemental brief of the appellant, we agree with the assistant public defender that no reversible error occurred except in the imposition of probation conditions, costs, and fees.
With respect to the probation conditions, conditions 4, 6, 7 and 8 are general conditions contained in the form order of probation and need not be orally pronounced. See State v. Hart, 668 So.2d 589 (Fla.1996). The portion of condition 12 providing for random drug and alcohol testing is also a general condition of probation and need not be orally pronounced. See § 948.03(1)(k)1, Fla.Stat. (Supp.1994); Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995). The portion of condition 12 requiring McDaniels to pay for the testing is not contained in section 948.03(1)(k)1, and is a special condition of probation. Because the trial court did not announce the payment requirement, we strike that portion of condition 12. See Malone, 652 So.2d at 903-4. Condition 13 requires McDaniels to "waive extradition should a violation of supervision occur." We strike condition 13 because it is a special condition which was not orally pronounced. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994).
We also strike the $144 county costs because it was imposed without citation to statutory authority; we strike the $2 court cost because it was not orally pronounced at sentencing. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995). In all other respects, the judgment and sentence are affirmed.
CAMPBELL, A.C.J., and QUINCE, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).