682 So.2d 1139 (1996)
Alvin Deon WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01622.
District Court of Appeal of Florida, Second District.
October 9, 1996.
Rehearing Denied November 14, 1996.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Alvin Deon Wallace, challenges his judgment and sentence for robbery, shooting into a dwelling and aggravated assault. We affirm the denial of appellant's motion to suppress and also his conviction and sentence. We find error, however, in the imposition of that portion of probation condition eight requiring appellant to pay for alcohol or drug testing.
Appellant contends that the following conditions of probation must be stricken because they were not orally pronounced at sentencing:
3. You will not possess, carry or own any weapons, firearms, or destructive devices.
....
5. You will not use intoxicants to excess. You will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
6. You will work faithfully at suitable employment. You will report to your employer your supervision status.
....
8. You will submit to and pay for random testing as directed by the supervising officer or professional staff of the treatment center where you are receiving treatment to determine the presence of alcohol or controlled substances.
We affirm the imposition of conditions three, five and six since they are general conditions that are substantially the same as conditions four, seven and eight of the form probation order set forth in Florida Rule of Criminal Procedure 3.986(e), of which appellant had constructive notice prior to sentencing. State v. Hart, 668 So.2d 589 (Fla.1996). The state concedes that the portion of probation condition eight which requires appellant to pay for random drug testing is a special condition of probation that must be orally pronounced at sentencing. Because it was not orally pronounced in this case, it is stricken. See Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995); Nank v. State, 646 So.2d 762 (Fla.2d DCA 1994).
SCHOONOVER and LAZZARA, JJ., concur.