POLEN, Judge.
Sylvester Hagins appeals from a final judgment convicting him of possession of a firearm by a convicted felon, and sentencing him to two years of community control fol *699 lowed by eight years probation. The state concedes and we agree that reversal is required on the authority of Coney v. State, 653 So.2d 1009 (Fla.1995), in which the supreme court held in pertinent part:
Florida Rule of Criminal Procedure 3.180 provides:
(a) Presence of the Defendant. In all prosecutions for crime the defendant shall be present:
(4) at the beginning of the trial during the ... challenging ... of the jury.
Fla.R.Crim.P. 3.180(a).[1]
We conclude that the rule means just what it says: The defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised. See Francis. [Francis v. State, 413 So.2d 1175 (Fla.1982).] Where this is impractical, such as where a bench conference is required, the defendant can waive this right and exercise constructive presence through counsel. In such a case, the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary. Alternatively, the defendant can ratify strikes made outside his presence by acquiescing in the strikes after they are made. See State v. Melendez, 244 So.2d 137 (Fla.1971). Again, the court must certify the defendant’s approval of the strikes through proper inquiry. Our ruling today clarifying this issue is prospective only.
Id. at 1013. Coney compels reversal as Hag-ins was not present at the bench conference where the peremptory challenges were exercised, nor did the court certify that Hagins waived his counsel’s presence or ratified his actions.
We further address Hagins’s claim of eiTor with regard to the imposition of a special condition of probation requiring him to participate in self-improvement programs as determined by the court or probation officer, in the event the same condition is imposed if Hagins is convicted again. This condition is not statutorily authorized, nor contained within the general conditions in Florida Rule of Criminal Procedure 3.986, and thus must be orally pronounced at sentencing, rather than just included in the order of probation. State v. Hart, 668 So.2d 589 (Fla.1996).
REVERSED AND REMANDED.
PARIENTE and SHAHOOD, JJ., concur.

. Florida Rule of Criminal Procedure 3.180(b) has been amended effective January 1, 1997, to read:
A defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.
In re Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253 (Fla.1996). In a footnote to this amendment, the court noted that the amendment superseded Coney. The amendment is not applicable to this case, however, as the offense and trial took place before the amendment took effect.