FRANK, Acting Chief Judge.
We find no error in Carlos Felix’s convictions for manslaughter, fleeing or attempting to elude, and grand theft auto. Certain probation conditions must be modified, however, as follows:
(1)That part of condition (2) requiring a 4% surcharge payment toward the costs of supervision must be stricken as a discretionary cost that was not orally pronounced. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995).
(2) The second sentence of condition (4), stating that the probationer will not “possess, carry or own any weapons without first procuring the consent of [his] officer,” is a special condition that needs oral pronouncement. Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995).
(3) The 4% processing fee per payment in condition (10), like the 4% surcharge in condition (2), is a discretionary charge that was not orally pronounced and must be stricken. Reyes; Powell v. State, 681 So.2d 722 (Fla. 2d DCA 1996).
(4) The requirement of condition (12) that the probationer pay for random urinalysis, breathalyzer, or blood tests must be stricken because it was not orally pronounced. Reiter v. State, 674 So.2d 189 (Fla. 2d DCA 1996).
(5) Condition (13), requiring the defendant to waive extradition should a violation of supervision occur, is a special condition that was not orally pronounced and must be stricken. Reiter.
All other aspects of the challenged probation conditions are affirmed because no oral pronouncement was necessary; the defendant was put on notice of those requirements by section 948.09, Florida Statutes (1995), section 958.04, Florida Statutes (1993), or Form 3.986, Florida Rules of Criminal Procedure.
Convictions affirmed; certain probation conditions stricken.
LAZZARA and WHATLEY, JJ., concur.