PER CURIAM.
Larry Anderson appeals the imposition of certain costs and fees at sentencing. We affirm in part and reverse in part.
The written judgment states that $200 is imposed pursuant to § 27.3455, Florida Statutes (1995), $50 is imposed pursuant to § 960.20, Florida Statutes (1995), $3 is imposed pursuant to § 943.25(3), Florida Statutes (1995), and $44.77 is imposed pursuant to § 775.083, Florida Statutes (1995), plus $2.23 as the surcharge required by § 960.25, Florida Statutes (1995).
Anderson contends that these costs must be stricken because the court failed to orally announce the authority for their imposition. The state contends that the first $253 in costs enumerated above were mandatory costs and did not need to be orally pronounced, citing Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995)(en banc). We agree. The state concedes that the last two costs of $44.77 and $2.23 are discretionary and should have been orally pronounced. Accordingly, these costs are stricken.
Anderson also argues that the attorney’s fee lien must be stricken because the court failed to inform him of his right to contest the amount. On remand Anderson shall have thirty days from the date of the mandate within which to file a written objection to the amount assessed. If an objection is filed with the trial court, the assessment shall be stricken and a new assessment shall not be imposed without notice and hearing pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). See Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Affirmed in part, reversed in part, and remanded with instructions.
LAZZARA, A.C.J., and FULMER and WHATLEY, JJ., concur.