700 So.2d 750 (1997)
Chuck Junior WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01923.
District Court of Appeal of Florida, Second District.
October 8, 1997.
*751 James Marion Moorman, Public Defender, Bartow, and Richard P. Albertine, Jr., Assistant Public Defender, Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Chuck Junior Williams appeals his convictions and sentences for several drug charges. We affirm the convictions without discussion, but reverse some portions of the sentencing order.
Williams first objects to those portions of probation condition 18 which this court has previously held to be special conditions that must be announced at sentencing. See Callaway v. State, 658 So.2d 593 (Fla. 2d DCA 1995). Because they were not orally announced, we strike the challenged portions of condition 18 in accordance with Callaway.
Williams also correctly contends that the trial court erred by imposing a $150 public defender's lien without giving notice that he had a right to contest that amount. On remand Williams shall have thirty days from the date of the mandate within which to file a written objection to the amount assessed. If an objection is filed with the trial court, the assessment shall be stricken and a new assessment shall not be imposed without notice and hearing pursuant to Florida Rule of Criminal Procedure 3.720(d)(1). See Bourque v. State, 595 So.2d 222 (Fla. 2d DCA 1992).
Williams next contends that the trial court erred in assessing a $44.77 discretionary fine, pursuant to section 775.083, Florida Statutes (1995), without announcing the fine at sentencing. We agree and strike the fine. See Price v. State, 697 So.2d 937 (Fla. 2d DCA 1997); Anderson v. State, 22 Fla. L. Weekly D1796, ___ So.2d ___, 1997 WL 400340 (Fla. 2d DCA July 18,1997).
As to Conditions 8, 20 and 24 dealing with drug and alcohol testing and treatment, Williams contends that he was given no notice at sentencing that he would be required to pay for the testing. This court has held that requiring a defendant to pay for either alcohol or drug testing is a special condition of probation which must be announced at sentencing. See, e.g., Wallace v. State, 682 So.2d 1139 (Fla. 2d DCA 1996) (drug testing); Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995) (alcohol testing).
The State in this case has pointed out, however, that section 948.09(6), Florida Statutes (1995), provides that a defendant on supervision may be required by the Department of Corrections to pay for drug urinalysis and that the failure to pay may be considered a ground for revocation by the court. This provision supports a conclusion that the probation condition requiring a defendant to pay for drug testing is a general condition that need not be orally announced. Since both this court and the Florida Supreme Court have stated otherwise, see Curry v. State, 682 So.2d 1091 (Fla.1996), we adhere to those cases and hold that requiring a defendant to pay for drug testing is a special condition of probation, but certify the following question to the Florida Supreme Court:
SHOULD THE REQUIREMENT THAT A DEFENDANT PAY FOR DRUG TESTING BE TREATED AS A GENERAL *752 CONDITION OF PROBATION FOR WHICH NOTICE IS PROVIDED BY SECTION 948.09(6), FLORIDA STATUTES (1995), OR SHOULD IT BE TREATED AS A SPECIAL CONDITION THAT REQUIRES ORAL ANNOUNCEMENT?
Affirmed in part, reversed in part and remanded for proceedings consistent herewith.
PARKER, C.J., and PATTERSON and FULMER, JJ., concur.