PER CURIAM.
In this appeal, the defendant, Dennis Lynn Huff, raises six issues. We affirm the convictions without discussion, but reverse some portions of the sentencing order.
Huff correctly contends that the trial court failed to orally pronounce the discretionary fine of $44.77, imposed pursuant to section 775.083, Florida Statutes (1995). See Price v. State, 697 So.2d 937 (Fla. 2d DCA 1997); Anderson v. State, 22 Fla. L. Weekly D1796, — So.2d —, 1997 WL 400340 (Fla. 2d DCA July 18,1997). Therefore, we strike this discretionary fine.
As to condition eight dealing with drug and alcohol testing and treatment, Huff contends that he was given no notice at sentencing that he would be required to pay for the testing. This court has held that requiring a defendant to pay for either alcohol or drug testing is a special condition of probation which must be announced at sentencing. See, e.g., Wallace v. State, 682 So.2d 1139 (Fla. 2d DCA 1996) (drug testing); Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995) (alcohol testing).
The State in this case has pointed out, however, that section 948.09(6), Florida Statutes (1995), provides that a defendant on supervision may be required by the Department of Corrections to pay for drug urinalysis and that the failure to pay may be considered a ground for revocation by the court. This provision supports a conclusion that the probation condition requiring a defendant to pay for drug testing is a general condition that need not be orally announced. See State v. Hart, 668 So.2d 589 (Fla.1996). Because both this court and the Florida Supreme Court have stated otherwise, see Curry v. State, 682 So.2d 1091 (Fla.1996), we adhere to those cases and hold that requiring a defendant to pay for drug testing is a special condition of probation. Accordingly, we strike this special condition of probation. As we did in Williams v. State, 700 So.2d 750 (Fla. 2d DCA 1997), we certify the following question to the Florida Supreme Court:
SHOULD THE REQUIREMENT THAT A DEFENDANT PAY FOR DRUG TESTING BE TREATED AS A GENERAL CONDITION OF PROBATION FOR WHICH NOTICE IS PROVIDED BY SECTION 948.09(6), FLORIDA STATUTES (1995), OR SHOULD IT BE TREATED AS A SPECIAL CONDITION THAT REQUIRES ORAL ANNOUNCEMENT?
As to the remaining issues, we find they either lack merit or were not preserved for appellate review. Therefore, we affirm the judgment and sentence in all other respects.
. Affirmed in part, reversed in part and certain conditions of probation stricken.
BLUE, A.C.J., and FULMER and WHATLEY, JJ., concur.