702 So.2d 1305 (1997)
Terry L. SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-03383.
District Court of Appeal of Florida, Second District.
November 12, 1997.
*1306 James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The defendant, Terry L. Smith, pleaded no contest to possession of cocaine and possession of marijuana, reserving his right to appeal the dispositive motion to suppress. We affirm the convictions without discussion, but strike certain portions of the order of probation for the possession of cocaine conviction.
As to condition twelve dealing with drug and alcohol testing and treatment, the defendant contends that he was given no notice at sentencing that he would be required to pay for the testing. This court has held that requiring a defendant to pay for either alcohol or drug testing is a special condition of probation which must be announced at sentencing. See, e.g., Wallace v. State, 682 So.2d 1139 (Fla. 2d DCA 1996) (drug testing); Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995) (alcohol testing).
However, as we stated in our recent opinion in Williams v. State, 700 So.2d 750 (Fla. 2d DCA 1997), section 948.09(6), Florida Statutes (1995), provides that a defendant on supervision may be required by the Department of Corrections to pay for drug urinalysis and that the failure to pay may be considered a ground for revocation by the court. This provision supports a conclusion that the probation condition requiring a defendant to pay for drug testing is a general condition that need not be orally announced. See State v. Hart, 668 So.2d 589 (Fla.1996). Because both this court and the Florida Supreme Court have stated otherwise, see Brock v. State, 688 So.2d 909, 912 n. 4 (Fla.1997); Curry v. State, 682 So.2d 1091 (Fla.1996), we adhere to those cases and hold that requiring a defendant to pay for drug testing is a special condition of probation, as we did in Williams. Accordingly, we strike this special condition of probation. As we did in Williams, No. 96-01923, we certify the following question to the Florida Supreme Court:
SHOULD THE REQUIREMENT THAT A DEFENDANT PAY FOR DRUG TESTING BE TREATED AS A GENERAL CONDITION OF PROBATION FOR WHICH NOTICE IS PROVIDED BY SECTION 948.09(6), FLORIDA STATUTES (1995), OR SHOULD IT BE TREATED AS A SPECIAL CONDITION THAT REQUIRES ORAL ANNOUNCEMENT?
We also strike condition thirteen, which requires the defendant to "waive extradition should a violation of supervision occur," because it is a special condition that was not orally pronounced. See McDaniels v. State, 679 So.2d 840 (Fla. 2d DCA 1996); Reiter v. State, 674 So.2d 189 (Fla. 2d DCA 1996).
The defendant also contests the imposition of court costs and costs of prosecution. We strike the court costs because the order of probation gives no statutory authority for their imposition. See Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). We also strike the costs of prosecution because "the trial court was without authority to impose these costs absent request and documentation." Tolbert v. State, 698 So.2d 1288 (Fla. 2d DCA 1997). These costs may be reimposed upon remand provided the requirements of section 939.01, Florida Statutes (1995), are met. See Mickler v. State, 682 So.2d 607, 609 (Fla. 2d DCA 1996).
BLUE, A.C.J., FULMER, J., and MALONEY, DENNIS P., Associate Judge, concur.