705 So.2d 1050 (1998)
Repoleon PORCHIA, Appellant,
v.
STATE of Florida, Appellee.
No. 97-348.
District Court of Appeal of Florida, Fifth District.
February 13, 1998.
James B. Gibson, Public Defender, and Dee Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR REHEARING
THOMPSON, Judge.
We grant the state's motion for rehearing filed pursuant to Florida Rule of Appellate Procedure 9.330(a) and substitute this opinion for the former opinion:
Repoleon Porchia was convicted of robbery with a weapon and sentenced to four years in prison followed by two years probation. Porchia challenges three conditions in the order of probation. We affirm except that we strike the provision requiring Porchia to pay for random drug tests.
Condition eight states, "You will work diligently at a lawful occupation, advise your employer of your Probation or Community Control status, and support any other dependents to the best of your ability, as directed by your Probation or Community Control Officer." Porchia asserts this condition fails to consider possible economic conditions which could prevent him from obtaining or maintaining employment. In Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993), however, we approved a similarly-worded condition of probation. Requiring the defendant to work to the best of his ability immunizes him from penalty should he become unemployed for reasons beyond his control. See Gregory v. State, 616 So.2d 174 (Fla. 2d DCA 1993).
Condition eleven requires Porchia to submit to random drug tests as directed by his probation officer and to pay for such tests. The provision for random drug testing is a general condition of probation and need *1051 not be orally announced. § 948.03(1)(k), Fla. Stat. (1995). However, the requirement that the defendant pay for the tests is a special condition which must be orally announced. Justice v. State, 674 So.2d 123 (Fla.1996); Jackson v. State, 685 So.2d 1386 (Fla. 5th DCA 1997). Because the trial court failed to do so, that provision is stricken and may not be reimposed. Justice. The state has pointed out that section 948.09(6), Florida Statutes (1995) appears to contain the requirement to pay for such testing and the Second District has certified the question whether requiring the probationer to pay for random drug testing is actually a general condition or rather a special condition that requires oral announcement. See Williams v. State, 700 So.2d 750 (Fla. 2d DCA 1997); Huff v. State, 700 So.2d 787 (Fla. 2d DCA 1997); Smith v. State, 702 So.2d 1305 (Fla. 2d DCA 1997).
We join the Second District Court of Appeal in certifying the following question to the Florida Supreme Court as one of great public importance:
SHOULD THE REQUIREMENT THAT A DEFENDANT PAY FOR DRUG TESTING BE TREATED AS A GENERAL CONDITION OF PROBATION FOR WHICH NOTICE IS PROVIDED BY SECTION 948.09(6), FLORIDA STATUTES (1995), OR SHOULD IT BE TREATED AS A SPECIAL CONDITION THAT REQUIRES ORAL ANNOUNCEMENT?
The third condition Porchia challenges was not, in fact, imposed because he was not placed on drug offender probation.
JUDGMENT and SENTENCE AFFIRMED; PROBATION ORDER AFFIRMED AS MODIFIED.
GOSHORN and PETERSON, JJ., concur.