WHATLEY, Acting Chief Judge.
In this appeal brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), we have found no error affecting Harlan’s conviction; however, we strike certain probation conditions.
The trial court improperly imposed special conditions of probation without announcing these conditions at sentencing. This was error. See Nank v. State, 646 So.2d 762 (Fla. 2d DCA 1994). Probation condition 13 requires Harlan to waive extradition should a violation of probation occur. We strike this probation condition because it is a,special condition of probation that was not orally *416 pronounced at sentencing. See Reiter v. State, 674 So.2d 189 (Fla. 2d DCA 1996). We also strike that portion of probation condition 12 which requires Harlan to pay for random drug, alcohol and controlled substance tests, because it was not orally pronounced at sentencing. See Williams v. State, 700 So.2d 750 (Fla. 2d DCA 1997).
Accordingly, we affirm the judgment and sentence, but strike certain probation conditions imposed by the trial court.
NORTHCUTT and GREEN, JJ., concur.