NORTHCUTT, Judge.
Jesus Hernandez pleaded guilty to armed trespass of a structure or conveyance for an offense committed in December Í995. The circuit court placed him on probation. Shortly thereafter, Hernandez filed a motion to withdraw his plea, which the court denied. In this appeal, the public defender filed an Anders[1] brief, asserting there were no meritorious issues thát supported reversal, but directing us to several improperly imposed conditions of probation. We affirm without discussion Hernandez’s conviction' and sentence and the court’s denial of his motion to withdraw his plea. We will address the challenged conditions of probation.
Special condition (A) in the written order of probation requires Hernandez to pay for drug tests, but the judge did not announce this condition at sentencing. The State concedes that this portion of the probation condition is invalid. See Smith v. State, 702 So.2d 1305 (Fla. 2d DCA 1997). We strike the requirement that Hernandez pay for drug testing, but again certify the following question to the Florida Supreme Court:
SHOULD THE REQUIREMENT THAT A DEFENDANT PAY FOR DRUG TESTING BE TREATED AS A GENERAL CONDITION OF PROBATION FOR WHICH NOTICE IS PROVIDED BY SECTION 948.09(6), FLORIDA STATUTES (1995), OR SHOULD IT BE TREATED AS A SPECIAL CONDITION THAT REQUIRES ORAL ANNOUNCEMENT?
See Smith, 702 So.2d at 1306; Williams v. State, 700 So.2d 750, 751-752 (Fla. 2d DCA 1997).
The public defender argues that condition seven of the written order, which prohibits Hernandez from possessing drugs or narcotics unless prescribed by a physician, is im-permissibly vague. We recently addressed this contention in Johnson v. State, 701 So.2d 367, 370 (Fla. 2d DCA 1997). As we did in Johnson, we construe this condition to apply only to illegal drugs and prescription drugs possessed without a doctor’s prescription. So construed, we affirm condition seven.
Affirmed in part, condition of probation stricken, question certified.
CAMPBELL, A.C.J., and FRANK, J., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).