BLUE, Judge.
Wayne Steinard challenges his conviction for aggravated assault -with a deadly weapon, contending the trial court erred in allowing improper character evidence and in failing to assure his presence or his waiver of presence during the exercise of peremptory challenges. We affirm Steinard’s conviction based on our determination that neither of these issues constitute error, although the peremptory challenge issue merits discussion. We agree with Steinard that two conditions should be stricken from the probation order because the conditions were not orally pronounced at sentencing.
Steinard asserts the trial court erred by failing to demonstrate on the record that he was physically present for the exercise of peremptory challenges. See Coney v. State, 653 So.2d 1009, 1013 (Fla.1995) (holding a defendant must be “physically present at the immediate site where pretrial juror challenges are exercised,” unless the defendant waives this right). After the Coney decision, the supreme court amended Florida Rule of Criminal Procedure 3.180(b) to provide that “[a] defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.” The State concedes, and we agree, that Coney applies in Steinard’s case because his trial occurred after Coney became final but before the effective date of the change to rule 3.180(b). Nevertheless, this court has consistently held that the failure to obtain a Coney waiver cannot be raised on direct appeal without a contemporaneous objection made at trial. See Neal v. State, 697 So.2d 941 (Fla. 2d DCA), review granted, 701 So.2d 868 (Fla.1997); Lee v. State, 695 So.2d 1314 (Fla. 2d DCA), review granted, 700 So.2d 686 (Fla. 1997). Because the record reveals no contemporaneous objection by Steinard on this issue, we affirm.
Steinard also asserts the trial court erred by imposing two special conditions of probation without oral pronouncement. He is correct. Condition twelve, requiring Stei-nard to pay for drug and alcohol testing and treatment, is a special condition not orally pronounced at sentencing; therefore, it must be stricken. See Smith v. State, 702 So.2d 1305 (Fla. 2d DCA 1997). Condition thirteen, requiring Steinard to “waive extradition should a violation of supervision occur,” is also a special condition not orally pronounced at sentencing that must be stricken. See Smith, 702 So.2d at 1306; McDaniels v. State, 679 So.2d 840 (Fla. 2d DCA 1996).
Steinard’s conviction is affirmed; probation conditions twelve and thirteen are stricken.
ALTENBERND, A.C.J., and GREEN, J., concur.