712 So.2d 762 (1998)
STATE of Florida, Petitioner,
v.
Chuck Junior WILLIAMS, Respondent.
No. 91655.
Supreme Court of Florida.
June 4, 1998.
Robert A. Butterworth, Attorney General; Robert J. Krauss, Senior Assistant Attorney General; John M. Klawikofsky and Ronald Napolitano, Assistant Attorneys General, Tampa, for Petitioner.
James Marion Moorman, Public Defender and Richard P. Albertine, Jr., Assistant Public Defender, Tenth Judicial Circuit, Clearwater, for Respondent.
WELLS, Justice.
We have for review a decision of the Second District Court of Appeal which passed upon the following question certified to be of great public importance:
SHOULD THE REQUIREMENT THAT A DEFENDANT PAY FOR DRUG TESTING BE TREATED AS A GENERAL CONDITION OF PROBATION FOR WHICH NOTICE IS PROVIDED BY SECTION 948.09(6), FLORIDA STATUTES (1995), OR SHOULD IT BE TREATED AS A SPECIAL CONDITION THAT REQUIRES ORAL ANNOUNCEMENT? *763 Williams v. State, 700 So.2d 750, 751-52 (Fla. 2d DCA 1997). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed herein, we hold that the requirement that a defendant pay for drug testing is a special condition of probation which the trial court must pronounce orally at sentencing.
After a jury convicted respondent on three counts of violating state drug laws, the trial judge adjudicated the respondent guilty on all counts and sentenced him to a term of imprisonment followed by three years of drug offender probation. At the sentencing hearing, the trial judge ordered that respondent, as a condition of probation, be subject to "[e]valuation, treatment, warrantless search, [and] random urinalysis." In its written order of probation,[1] however, the trial court ordered that respondent comply with, inter alia, the following conditions of probation:
(8) You will submit to and pay for random testing as directed by the supervising officer or professional staff of the treatment center where you are receiving treatment to determine the presence of alcohol or controlled substances.[2]
....
(20) You shall submit to and pay for an evaluation to determine whether or not you have any treatable problem with (alcohol) (any illegal drug). If you have said problem, you are to submit to, pay for, and successfully complete any recommended treatment program as a result of said evaluation, all to be completed at the direction of your Supervising Officer.
....
(24) You will obtain an evaluation to determine if you are in need of inpatient drug treatment. If so, you will enter and successfully complete, at your own expense, the recommended inpatient treatment program at DOC. You will abide by all the rules, regulations and programs set forth by the treatment center. You will complete and pay for any aftercare treatment as recommended by the inpatient facility.
On appeal, respondent argued that the trial judge erred in requiring respondent to pay for random drug testing, evaluation, and treatment. Specifically, respondent claimed that requiring him to pay for drug testing, evaluation, and treatment is a special condition of probation which must be announced orally at sentencing. Therefore, because the trial court failed to announce the payment requirements at sentencing, it could not include them in its final order. The district court agreed and reversed. Williams v. State, 700 So.2d 750, 751-52 (Fla. 2d DCA 1997). The district court relied on precedent from this Court and its own previous decisions to hold that requiring a defendant to pay for alcohol or drug testing is a special condition of probation. Id. (citing Curry v. State, 682 So.2d 1091 (Fla.1996); Wallace v. State, 682 So.2d 1139 (Fla. 2d DCA 1996); Malone v. State, 652 So.2d 902 (Fla. 2d DCA 1995)).
The State, however, argued that none of these precedent cases addressed section 948.09(6), Florida Statutes (1995),[3] which authorizes the Department of Corrections to require offenders under any form of supervision to submit to and pay for urinalysis drug testing. The State claimed that this statute supported the conclusion that the probation *764 condition requiring respondent to pay for drug testing is a general condition of probation. Unsure of the effect of the State's argument in light of the precedent cases, the district court certified the aforementioned question as one of great public importance.
This Court has previously set out the difference between a general and special condition of probation. Due process and Florida Rule of Criminal Procedure 3.700(b), which mandates that the sentence or other final disposition "shall be pronounced in open court," command that a defendant be given notice of the conditions of probation to be imposed. Justice v. State, 674 So.2d 123,125 (Fla.1996); State v. Hart, 668 So.2d 589, 591-92 (Fla.1996); Vasquez v. State, 663 So.2d 1343, 1345 (Fla. 4th DCA 1995). A general condition of probation is one in which notice is provided by statute or by Florida Rule of Criminal Procedure 3.986(e) (paragraphs one through eleven). General conditions of probation may be included in a written order of probation even if not pronounced orally at sentencing. Hart, 668 So.2d at 592. The rationale for this rule is that statutes and court rules provide constructive notice of the subject matter contained therein and that such notice comports with procedural due process. Hart, 668 So.2d at 592; Vasquez, 663 So.2d at 1346.
On the other hand, a special condition of probation is one which is not statutorily authorized or mandated and not found in rule 3.986(e) (paragraphs one through eleven). Because a defendant is not on notice of special conditions of probation, these conditions must be pronounced orally at sentencing in order to be included in the written probation order. Hart, 668 So.2d at 592. We also note that there is a judicial policy that the actual oral imposition of sanctions should prevail over any subsequent written order to the contrary. Justice, 674 So.2d at 125.
Turning to the issue in this case, the State acknowledges that this Court has determined that requiring a defendant to pay for drug testing is a special condition of probation because it is not statutorily authorized. See Brock v. State, 688 So.2d 909, 911 n. 4 (Fla.1997); Curry. However, the State argues that section 948.09(6), Florida Statutes (1995), provides a statutory basis for classifying a requirement that a defendant pay for urinalysis drug testing as a general condition of probation. Based on this statute, the State requests that we affirm conditions 8, 20, and 24, as general conditions of probation insofar as they relate to requiring the respondent to pay for urinalysis drug testing.
We do not believe it appropriate in this case to recast the certified question as the State suggests so as to limit it to urinalysis testing for drug usage. While section 948.09(6), Florida Statutes (1995), is limited to "urinalysis testing," the trial court's order, in this case, specifies the broader "drug testing," and the certified question specifically asks whether requiring a defendant to pay for "drug testing" is a general condition of probation. Moreover, the statute cited by the State merely provides the Department of Corrections with the discretion to require payment for urinalysis testing. We hold that the discretion afforded to the Department of Corrections in section 948.09(6), Florida Statutes (1995), is insufficient to serve as statutory notice that the court can make payment for drug testing a mandatory condition of probation.
Accordingly, we answer the certified question by holding that the requirement that a defendant pay for drug testing is a special condition of probation which the trial court must pronounce orally at sentencing, and we approve the decision below.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
NOTES
[1] We note that the trial judge did not use the probation order form suggested in Florida Rule of Criminal Procedure 3.986(e). Rule 3.986(a) states: "The forms ... shall be used by all courts." (Emphasis added.)
[2] At sentencing, the trial court ordered respondent to undergo random urinalysis testing as a condition of probation. The trial court did not, however, make this specific form of testing a part of its order of probation.
[3] Section 948.09(6), Florida Statutes (1995), provides in relevant part:

In addition to any other required contributions, the department, at its discretion, may require offenders under any form of supervision to submit to and pay for urinalysis testing to identify drug usage as part of the rehabilitation program. Any failure to make such payment, or participate, may be considered a ground for revocation by the court, the Parole Commission, or the Control Release Authority, or for removal from the pretrial intervention program by the state attorney.