712 So.2d 1169 (1998)
Miguel Angel TORRES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02097.
District Court of Appeal of Florida, Second District.
June 12, 1998.
*1170 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Miguel Angel Torres appeals his sentence for burglary of a dwelling with an assault or battery, battery of a victim over the age of 65, and grand theft. We affirm Mr. Torres' conviction for both burglary of a dwelling with battery and battery of a victim over the age of 65 because one offense is not a necessary lesser of the other. We also direct the trial court to correct a mathematical error in Mr. Torres' sentence and strike a portion of his order of probation.
Mr. Torres argues that a defendant cannot be sentenced for both burglary of a dwelling with battery and for battery of a victim over the age of 65. We disagree. Although both offenses require battery, each offense includes an additional element that the other does not. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Burglary of a dwelling with battery requires the entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein. See § 810.02(2), Fla. Stat. (1995). Battery on a person 65 years of age or older requires that the battery be on a person 65 or older. See § 784.08, Fla. Stat. (1995). Because these elements are separate and not included in both offenses, we affirm both convictions.
Mr. Torres committed these offenses on November 15, 1995, and was sentenced on April 17, 1996. The sentencing guidelines scoresheet listed the maximum amount of imprisonment as 65.62 months. Mr. Torres was sentenced to the maximum term of imprisonment, followed by 10 years of probation for count one, burglary of a dwelling with an assault or battery.[1] The State, however, made a mathematical error in preparing the scoresheet. If properly calculated, the maximum term of imprisonment which Mr. Torres could receive without a departure sentence was 65.5 months. Although this error amounts to less than 4 days, we direct the trial court to correct the error in the sentence. The defendant need not be present for this purpose.
In addition, Mr. Torres argues that the trial court failed to pronounce orally condition A of his probation order at the sentencing hearing. Condition A states:
You will submit to urinalysis, breathalyzer or blood test at any time requested by your officer, or the professional staff of any treatment center where you are receiving treatment, to determine the possible use of alcohol, drugs, or controlled substances. You shall be required to pay for the tests unless payment is waived by your officer.
In State v. Hart, 668 So.2d 589, 592-93 (Fla.1996), the supreme court held that the order of probation form found in Florida Rule of Criminal Procedure 3.986 provides constructive notice of all general conditions of probation contained in that form. Therefore, conditions 1 through 11, described as "general conditions," need not be orally pronounced. However, the "special" conditions of probation contained in that form still need to be pronounced at sentencing. Id. at 593. Condition A of Mr. Torres' probation order is a special condition listed in the form order in rule 3.986. The first portion of condition A, stating that a probationer will submit to alcohol and drug testing, is a statutory, general condition of probation that need not be pronounced at sentencing. See Brock v. State, 688 So.2d 909, 912 n. 4 (Fla.1997); § 948.03(k), Fla. Stat. (1995). The second portion of condition A, requiring a probationer to pay for either alcohol or drug testing, is a special condition that must be orally pronounced. See State v. Williams, 712 So.2d 762 (Fla. 1998); Smith v. State, 702 So.2d 1305 (Fla. 2d DCA 1997). Because the trial court did not pronounce condition A at the sentencing hearing, we must strike the portion requiring Mr. Torres to pay for alcohol or drug testing.
*1171 Affirmed in part, reversed in part, and remanded.
ALTENBERND, A.C.J., and BLUE and GREEN, JJ., concur.
NOTES
[1] Mr. Torres received a 5-year sentence for his additional offenses.