784 So.2d 1185 (2001)
Matthew HOLM, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4216.
District Court of Appeal of Florida, Second District.
April 6, 2001.
James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
*1186 SALCINES, Judge.
The public defender brings this Anders[1] appeal on behalf of Matthew Holm regarding his withheld adjudications and the probationary terms imposed thereon as well as the denial of his motion to correct sentencing errors. We affirm in all respects save for the denial of his motion to correct sentence. Because a special condition of probation involving a cost was imposed without oral pronouncement and a public defender's lien was imposed without affording Holm an opportunity to object to the amount of the assessment, we strike those provisions and remand.
Holm entered a no contest plea to possession of methamphetamine and possession of drug paraphernalia following the denial of his dispositive motion to suppress. The trial court withheld adjudication and placed Holm on two years' probation for possession of methamphetamine with a concurrent term of one year's probation for possession of drug paraphernalia. In the written order of probation, the trial court included a condition requiring Holm to submit to random drug and alcohol screening and to incur the costs associated therewith. The cost provision was not orally pronounced. Additionally, the trial court ordered that Holm pay a public defender fee of $300. Holm was denied an opportunity to object to the amount of that assessment. During the pendency of this appeal, Holm filed a motion to correct these provisions with the trial court pursuant to Florida Rule of Criminal Procedure 3.850(b)(2). The trial court denied that motion.
Holm correctly argues that the trial court erred in failing to orally pronounce the special condition of probation that he pay for random drug and alcohol testing. See State v. Williams, 712 So.2d 762 (Fla. 1998); Torres v. State, 712 So.2d 1169 (Fla. 2d DCA 1998). Hence, we strike that portion of the condition requiring Holm to pay for alcohol or drug testing. Likewise, Holm correctly argues that the trial court erred in failing to give him an opportunity to object to the amount assessed for the public defender's fees. See Laurain v. State, 708 So.2d 655 (Fla. 2d DCA 1998); see also Richie v. State, 777 So.2d 977 (Fla. 2d DCA 1999). Thus, we strike the public defender's lien without prejudice to reimpose it on remand in accordance with the proper procedure. See Walker v. State, 710 So.2d 699 (Fla. 2d DCA 1998).
Affirmed in part; stricken in part and remanded with instructions.
PARKER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re Anders Briefs, 581 So.2d 149 (Fla.1991); State v. Davis, 290 So.2d 30 (Fla.1974).