832 So.2d 956 (2002)
David T. QUEEN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2753.
District Court of Appeal of Florida, Fifth District.
December 27, 2002.
*957 James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Queen appeals from two orders rendered by the trial court: the first order placed him on probation, ordered him to pay restitution to the City of St. Augustine, and reserved the amount to be paid; and a subsequent order filed October 16, 2001, set restitution in the amount of $999.00. We affirm in part, strike conditions (10) and (12), quash the order setting restitution, and remand for further proceedings.
Queen pled nolo contendere to misdemeanor criminal mischief.[1] The trial court withheld adjudication of guilt and placed him on twelve months probation. It also required him to pay restitution, but reserved jurisdiction to set the amount. This order was rendered on August 6, 2001, and Queen filed a notice of appeal on September 6, 2001. On October 15, 2001, the trial court set the restitution amount and filed that order on October 16, 2001. Queen also filed a motion to correct a sentencing error on December 4, 2002, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which was not acted on by the trial court.
Queen challenges three conditions of his probation because they were not orally pronounced at his sentencing:
(10) You will participate in self-improvement programs determined by the Court, or your officer.

* * *
(12) You will hereby waive all extradition rights and process during your term of supervision and agree to comply and return to the State of Florida, and the Court of Jurisdiction, upon official instruction to do so.
(13) You will submit to a reasonable search without a Warrant by your officer of your person, effects, residence or vehicle for weapons or firearms, alcoholic beverages, or controlled substances.
The state concedes that condition (10) is neither statutorily authorized nor contained within the general conditions or probation and thus it must be orally pronounced at sentencing to be validly imposed. § 948.03(1), Fla. Stat. (2000), Fla. R.Crim. P. 3.986(f). See Hagins v. State, 693 So.2d 698, 699 (Fla. 4th DCA 1997). In addition, the state concedes that condition (12) must also be orally pronounced at sentencing because it is a special rather than a general condition. See Steinard v. State, 711 So.2d 105, 106 (Fla. 2d DCA), rev. denied, 718 So.2d 171 (Fla.1998); McDaniels v. State, 679 So.2d 840 (Fla. 2d DCA 1996); Reiter v. State, 674 So.2d 189 (Fla. 2d DCA 1996). Thus both of these conditions must be stricken.
*958 However, condition (13), although not a standard condition of probation nor a general condition, has been upheld even though not orally pronounced at sentencing because probation officers must be able to conduct warrantless searches in order to properly supervise their probationers. Brown v. State, 697 So.2d 928 (Fla. 2d DCA 1997). The court in Brown relied on Grubbs v. State, 373 So.2d 905 (Fla.1979), and determined that section 948.03,[2] provided the necessary notice sufficient to validate this written condition, even though not orally pronounced at sentencing. These holdings were codified in section 948.03(5), Fla. Stat. (1999).[3] Thus, we affirm condition (13).
We also quash the order setting the restitution amount because it was rendered after Queen had filed his notice of appeal. At that time the trial court did not have jurisdiction to conduct a restitution hearing or to render an order thereon. See Marro v. State, 803 So.2d 906 (Fla. 4th DCA 2002); Kern v. State, 726 So.2d 353 (Fla. 5th DCA 1999). However, this ruling is without prejudice to the court to conduct another restitution hearing on remand. Locus v. State, 785 So.2d 594 (Fla. 1st DCA 2001). Both the state and the public defender agree on this point.
AFFIRMED in part; Conditions (10) and (12) STRICKEN; Order Setting Restitution Amount QUASHED; REMANDED.
COBB and PLEUS, JJ., concur.
NOTES
[1] § 806.13(1)(a) and (b), Fla. Stat. (2000).
[2] The relevant subsections of section 948.03, Florida Statutes (1997) provide:

(1) The court shall determine the terms and conditions of probation or community control. Conditions specified in paragraphs (a)-(m) do not require oral pronouncement at the time of sentencing and may be considered standard conditions of probation. Conditions specified in paragraphs (a)-(m) and (2)(a) do not require oral pronouncement at sentencing and may be considered standard conditions of community control. These conditions may include among them the following, that the probationer or offender in community control shall:
(a) Report to the probation and parole supervisors as directed.
(b) Permit such supervisors to visit him or her at his or her home or elsewhere.
(c) Work faithfully at suitable employment insofar as may be possible.
(d) Remain within a specified place.
* * *
(k)1. Submit to random testing as directed by the correctional probation officer or the professional staff of the treatment center where he or she is receiving treatment to determine the presence or use of alcohol or controlled substances.
2. If the offense was a controlled substance violation and the period of probation immediately follows a period of incarceration in the state correction system, the conditions shall include a requirement that the offender submit to random substance abuse testing intermittently throughout the term of supervision, upon the direction of the correctional probation officer as defined in s. 943.10(3).
(m) Be prohibited from using intoxicants to excess or possessing any drugs or narcotics unless prescribed by a physician. The probationer or community controllee shall not knowingly visit places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed, or used.
[3] Section 948.03(5), Fla. Stat. (1999) provides:

(5) Conditions imposed pursuant to this subsection, as specified in paragraphs (a) and (b), do not require oral pronouncement at the time of sentencing and shall be considered standard conditions of probation or community control for offenders specified in this subsection.
* * *
10. Submission to a warrantless search by the community control or probation officer of the probationer's or community controllee's person, residence, or vehicle.