SUAREZ, J.
 

 The defendant, William James Davis, appeals the revocation of his probation and an order imposing sentence. Because the trial judge abused his discretion in finding that the defendant willfully and substantially violated the conditions of his proba
 
 *153
 
 tion, we reverse the revocation of probation and order imposing sentence.
 

 The defendant was charged in case number F04-38542 with two counts of aggravated assault with a deadly weapon and one count of battery. In case number F05-14441, he was charged with two counts of aggravated assault with a deadly weapon and one count of possession of a firearm by a convicted felon. On December 12, 2006, he pled guilty to one count of aggravated assault with a deadly weapon in case number F04-38542 and one count of aggravated assault with a deadly weapon in case number F05-1441. He was placed on reporting probation for one year for both cases. The State nolle prossed all remaining counts in each case. At the plea hearing, the trial court orally pronounced that the defendant was being placed on “one year’s reporting probation” with the special condition of participating and successfully completing the domestic intervention program. The sentence was concurrent for both cases. On May 16, 2007, the State filed an affidavit of violation of probation alleging that the defendant failed to “make a full and truthful report” and to report to his probation officer monthly as he was required to do.
 
 [1]
 

 The defendant contends on appeal that the State failed to meet its burden of proving that there was a willful and substantial violation of his probation by failing to report to the probation officer during the months of January, February, March and April of 2007. He alleges that he did not report monthly to his probation officer because there was no checkmark on the line in the order of supervision which required him to file a full and truthful report to the probation officer not later than the fifth day of each month and therefore he was confused and did not report again after the first day following his probation.
 
 [2]
 
 At the probation violation hearing, the State’s evidence consisted of the order of supervision given to the defendant at the plea hearing requiring him to report monthly, the trial judge’s oral pronouncement at the plea hearing that the defendant was being placed on one year’s reporting probation, and the testimony of the probation officer that she advised the defendant of the requirement that the defendant report on a monthly basis in accordance with the checkmark that was placed on the order of supervision showing that the defendant was being placed on probation for a period of one year. The trial judge ruled that the State met its burden of proving a willful and substantial violation in connection with the defendant’s failure to report on a monthly basis to his probation officer and the failure to enroll in and successfully complete the domestic intervention program. The trial court found the defendant to be in violation of his probation, revoked the probation and sentenced him in both of his substantive cases to five years and three years respectively. After the denial of the defendant’s motion to correct a sentencing error, he appeals the revocation of his probation.
 

 We reverse. We agree with the defendant that the condition requiring Mr. Davis report to his probation officer no later than the fifth day of each month was not checked on the order of supervision of probation as a requirement of his probation and therefore cannot serve as a basis upon which to revoke his probation.
 

 
 *154
 
 The reporting requirement of probation provided for in section 948.03(l)(a), Florida Statutes (2006), and in Florida Rule of Criminal Procedure 3.986(e) is an essential aspect of the supervisory duties of probation.
 
 See Odom v. State,
 
 15 So.3d 672 (Fla. 1st DCA 2009). The trial judge orally informed the defendant that he was being placed on one year’s reporting probation. As such, the defendant was made aware that a condition of his probation required him to report monthly to his probation officer. However, oral pronouncement alone, generally, is not enough. The defendant must be placed on proper written notice of this requirement in order to satisfy due process.
 
 See Torres v. State,
 
 712 So.2d 1169 (Fla. 2d DCA 1998). Due process is satisfied only if the conditions are included in the written sentencing order.
 
 See Lawson v. State,
 
 969 So.2d 222, 237 (Fla.2007) (“General conditions of probation, which are contained in the Florida Statutes, must be included in the order but need not be orally pronounced at the sentencing hearing.”);
 
 Maddox v. State,
 
 760 So.2d 89, 105 (Fla.2000) (“[Gjeneral conditions of probation do not have to be orally pronounced at the sentencing hearing and due process is satisfied as long as the conditions are included in the written sentencing order.”). The defendant did not receive sufficient written notice to satisfy due process. The probation form given to the defendant at his plea hearing correctly included the condition, which states that “[n]ot later than the fifth day of each month [the defendant] will make a full and truthful report to your [probation] officer on the form provided for that purpose.” The provision in the probation form is written such that it requires a check mark next to it to be applicable.
 
 [3]
 
 Without the check mark, it is not a written requirement. Because the order of supervision of probation in this case lacks a checkmark next to the requirement to report monthly to the probation officer, we find that it did not satisfy due process requirements and cannot serve as the basis for the revocation of probation. We reverse the order of revocation and remand for resentencing.
 

 Reversed and remanded with instructions.
 

 [1]
 

 . It also was alleged that the defendant failed to fulfill the special condition of successfully completing the domestic intervention program.
 

 [2]
 

 . There was no checkmark on the line next to the requirement to report to the probation officer the day after being placed on probation.
 

 [3]
 

 . 1. _you must do each of the following:
 

 1. not later than the fifth day of each month, unless otherwise directed you will make a full and truthful report to your officer on the form provided for that purpose.