# Third District Court of Appeal

**State of Florida**

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1276
Lower Tribunal Nos. 06-14973A & 07-18812

_____


**Joseph Chaney,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Miguel M. De La O, Judge.

Carlos J. Martinez, Public Defender, and Natasha Baker-Bradley, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.


Before SUAREZ, LAGOA and SCALES, JJ.

SCALES, J.

Joseph Chaney appeals his sentences in case numbers F06-14973A and F07-18812, which were imposed after he pled guilty to violating probation in both cases. Because Chaney reserved the right to challenge, on appeal, the trial court's ruling that he violated probation in case number F07-18812, for the following reasons, we vacate Chaney's guilty plea to violating probation in case number F07-18812 and remand for resentencing on case number F06-14973A.

## I. Relevant Factual and Procedural Background

In case number F06-14973A, the State charged Chaney with one count of second degree murder and one count of possession of a firearm by a convicted felon, both offenses occurring on December 29, 2005. While Chaney was incarcerated awaiting trial in case number F06-14973A, the State charged Chaney in case number F07-18812 with one count of aggravated battery by a prisoner, for breaking the jaw of another inmate on June 1, 2007.

On March 31, 2009, Chaney pled guilty in both cases. The sentencing order in case number F06-14973A reflects that the trial court sentenced Chaney to seven years in prison followed by five years of probation on both the second degree murder and possession of a firearm by a convicted felon charges, to run concurrent with each other. The trial court also entered an Order of Supervision spelling out the conditions of Chaney's probation in case number F06-14793A.

The March 31, 2009 sentencing order in case number F07-18812 reflects that the trial court sentenced Chaney to six years in prison followed by five years of probation, to run concurrent with Chaney's sentence in case number F06-14973A. While the sentencing order in case number F07-18812 references that the terms and conditions of Chaney's probation in case number F07-18812 are "set forth in a separate order entered *herein*," (emphasis added), the record reflects no such separate order spelling out Chaney's probation conditions in case number F07-18812.

Chaney was released from prison in July 2012; whereupon, he was placed on probation. On January 16, 2015, the State filed Violation of Probation Affidavits against Chaney in case numbers F06-14973A and F07-18812, alleging that Chaney had violated the conditions of his probation by testing positive for marijuana in a urine sample, and by failing to pay ten dollars per month towards the cost of his supervision.[1]

---

[1] As discussed *infra*, Chaney claims that he was never placed on probation in case number F07-18812, and, even if he was placed on probation in case number F07-18812, he was not provided an Order of Supervision memorializing the terms of his probation in that case. Therefore, Chaney argues, the State could not establish that Chaney's testing positive for marijuana constituted a knowing violation of the terms of the probation in case number F07-18812.

It is undisputed that, if Chaney had been placed on probation in case number F07-18812, if the conditions of that probation had been memorialized in writing and were the same as in case number F06-14793A, and if the lower court found both that Chaney violated his probation in case number F07-18812 and that he was a danger to society, Chaney would receive a sentence of at least 26.91 years in prison as a Violent Felony Offender of Special Concern ("VFOSC"). See §

Chaney's probation violation hearing was delayed after it became apparent that important pieces of the record were missing. There is no March 31, 2009 sentencing transcript in the record. Also, even though both the lower court docket sheet and the sentencing order in case number F07-18812 state that Chaney was put on probation in that case, there is no Order of Supervision for case number F07-18812. There is only an Order of Supervision in the record for case number F06-14973A, which does not cross-reference case number F07-18812.

After attempts to locate and reconstruct the missing portions of the record proved futile, the trial court, on April 20, 2015, held a probation violation hearing. At this hearing, the trial court found insufficient evidence to prove that Chaney had violated probation for failure to pay money, but did find Chaney in violation for testing positive for marijuana as to case number F06-14973A. The court also found that Chaney was a danger to society for purposes of the VFOSC statute. The hearing adjourned, though, without resolving whether Chaney was in violation of probation as to case number F07-18812.

948.06, Fla. Stat. (2015). It is also undisputed that the VFOSC statute does not apply to a violation of probation in case number F06-14973A because the underlying offenses occurred before the effective date of the statute. See 948.06(8)(b)(1), Fla. Stat. (2015). Consequently, if Chaney was never placed on probation in case number F07-18812, or if the State was unable to establish that Chaney knowingly violated the terms of his probation in case number F07-18812, the trial court had significantly more discretion in sentencing Chaney for a violation of probation only in case number F06-14793A.

4

The probation violation hearing reconvened on May 1, 2015. The State offered Chaney thirteen years in prison to run concurrent in both cases, with all credit for time served, in exchange for Chaney admitting to violating probation in both cases. Chaney accepted the plea. Importantly, not only was Chaney's plea conditioned upon his ability to withdraw his plea for violating probation in case number F07-18812 should the March 31, 2009 sentencing transcripts be located and demonstrate that Chaney was never placed on probation in that case, but the May 1, 2015 hearing transcript also reflects that the trial court acknowledged that Chaney expressly reserved the right to challenge the court's ruling that he had violated probation in case number F07-18812 on appeal. See Fla. R. App. P. 9.140(b)(2)(A)(i) ("A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.").

The trial court sentenced Chaney according to the plea agreement to thirteen years on both cases to run concurrent, giving him credit for all of the time he was in jail on both cases. This appeal ensued.

## II.   ANALYSIS

Chaney argues that the trial court erred in finding that he knowingly violated probation in case number F07-18812 because there is no record evidence that Chaney ever received written notice of the condition of probation (i.e., not to use

5

or possess any drugs or narcotics unless prescribed by a physician) Chaney was found to have violated. We agree. In Davis v. State, 36 So. 3d 152, 154 (Fla. 3d DCA 2010), this Court explained that oral pronouncement, alone, of a condition of probation "generally, is not enough." Rather, "[t]he defendant must be placed on proper written notice of this requirement in order to satisfy due process." Id. This is accomplished by placing the condition of probation in the written sentencing order or order of supervision. Id. Neither occurred here in case number F07-18812. As in Davis, we find that Chaney was not given proper written notice of the conditions of his probation in case number F07-18812 so as to satisfy due process. Therefore, irrespective of whether the March 31, 2009 sentencing transcripts are ever located – which would only serve to establish if Chaney was placed on probation in case number F07-18812 – we are still compelled to reverse because there is no evidence that Chaney ever received adequate written notice of the conditions of his probation in case number F07-18812.

Accordingly, we vacate Chaney's guilty plea to violating probation in case number F07-18812 and remand for resentencing for Chaney's violation of probation in case number F06-14973A only.[2] There is no need for a second probation violation hearing.[3]

_____

[2] We express no opinion as to the trial court's resentencing of Chaney for Chaney's violation of probation in case number F06-14973A. At oral argument Chaney's counsel expressly acknowledged that counsel had advised Chaney of the range of possible sentences that the trial court may, within its sound discretion, impose on

Reversed and remanded with instructions.

---

remand in the event Chaney's appeal was successful.

[3] We affirm Chaney's violation of probation in case number F06-14973A without discussion.